**Ronnie Lloyd MINX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59837.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 20, 1981.

Ray HeLal, Dallas, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction of theft of property over $200 or more but less than $10,000. After the jury found appellant guilty, the court assessed punishment at eight years. On appeal, appellant contends the evidence is insufficient to support the conviction and that the trial court erred in refusing to grant a continuance.

On the evening of July 29, 1976, James Day observed three men across the street from his home where a house was under construction. Two of the men were loading wooden roof shingles into a van. Day identified appellant as one of these two men. Because of their quick movements, Day became suspicious and called the police.

Rockwall officers G. R. Sumrow and Marcus Chamberlain responded to the call. As the officers approached the address reported by Day, the appellant and one of the other men attempted to flee. Sumrow pursued appellant and found him lying between a house and some shrubbery some distance up the street from the scene of the offense. Appellant was arrested. Appellant informed the officers that he had been hired by a man at the Dallas bar to move the shingles.

At trial, appellant's wife corroborated appellant's story. Additionally, several witnesses testified that they saw appellant talking with a man at the bar about picking something up. However, the record reflects that neither appellant nor anyone else knew the man's name or where or how he could be located.

Charles P. Hoffman, a building contractor, testified that he had purchased the shingles and had them delivered to the construction site. Hoffman stated that he had not given anyone consent to pick up or move the shingles.

■ Appellant contends the witnesses corroborated his version of the facts and, therefore, evidence is insufficient to prove lack of intent to deprive the owner of property. However, the jury, or trial judge in a trial before the court, is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defensive witnesses. *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr. App.1978); *Tatom v. State*, 555 S.W.2d 459 (Tex.Cr.App.1977).

The jury was free to disbelieve the exculpatory statements made by appellant and the witnesses. Further, the jury could infer appellant's intent from his immediate flight during the commission of the offense and the inability to identify or locate his alleged employer. In viewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to warrant the conviction.

■ In appellant's second ground of error, he complains that the trial court erred in failing to grant his oral motion for continuance which was made during the trial and was based on the unavailability of a witness.

Article 29.03, V.A.C.C.P., reads:

"A criminal action may be continued on the *written* motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary." (Emphasis added).

Article 29.08, V.A.C.C.P., reads:

"All motions for continuance on the part of the defendant must be sworn to by himself."

Appellant's motion for continuance was neither in writing nor was it sworn to by appellant. *Norton v. State*, 564 S.W.2d 714 (Tex.Cr.App.1978); *Allen v. State*, 505 S.W.2d 923 (Tex.Cr.App.1974). Accordingly, nothing is presented for review. *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App.1976).

**750**

■ Moreover, appellant did not perfect the record by filing a timely motion for new trial with an affidavit of the missing witness or by showing under oath what the testimony would have been. *Benoit v. State,* 561 S.W.2d 810 (Tex.Cr.App.1977).

■ We now turn to the issue raised by the dissent—whether the indictment is "fundamentally defective." The indictment states that appellant

"... did then and there unlawfully obtain property, to wit, 59 bundles of wooden shingles of the value of in excess of TWO HUNDRED AND NO/100 DOLLARS ($200.00) and less than TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) from Charles Hoffman without the effective consent of the owner, Charles Hoffman, and with intent to deprive the said owner of said property."

Contrary to the position taken by the minority, we find the indictment sufficient. In *Ex parte Cannon,* 546 S.W.2d 266 (Tex. Cr.App.1976) (State's motion for rehearing), this Court set out the requisites for a theft indictment under V.T.C.A. Penal Code, Section 31.03 (1974). Under subsections (a)(1) and (b)(1), the elements required to be alleged in the indictment are:

(1) a person

(2) with intent to deprive the owner of property

(3) obtains the property

(4) without the owner's effective consent.

Accord: *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977) (State's motion for rehearing).

In applying the criteria established in *Cannon,* and reaffirmed in *Reynolds,* we find that the indictment sufficiently set forth all the necessary elements of theft. The "with the intent to deprive the owner" element was placed at the end of the allegations. However, we fail to find that such drafting was "fundamental error."

The judgment is affirmed.

TEAGUE, Judge, dissenting.

This appears to me to be a case of first impression regarding the necessity of

charging a culpable mental state where the alleged offense is theft. See, however, *Smith v. State,* 571 S.W.2d 917 (Tex.Cr.App. 1978); *Jiminez v. State,* 552 S.W.2d 469 (Tex.Cr.App.1977); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1977); *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977); *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr. App.1976); *Teniente v. State,* 533 S.W.2d 806 (Tex.Cr.App.1976); and Underwood, "Oral Sex and the Charging of Culpability in Texas Criminal Indictments," 10 *Voice for the Defense,* (1981).

This offense allegedly occurred on July 29, 1976, and the indictment, in pertinent part, alleges that appellant on or about the 29th day of July, A.D. 1976:

... did then and there unlawfully obtain property, to wit: 59 bundles of wooden shingles of the value of in excess of TWO HUNDRED AND NO/100 DOLLARS ($200.00) and less than TEN THOUSAND AND NO/100 DOLLARS ($10,000.00) from Charles Hoffman without the effective consent of the owner, Charles Hoffman, and with intent to deprive the said owner of said property.

The word "unlawfully" means absolutely nothing under our law, see *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977), because: "The allegation of 'unlawfully' pleads only a conclusion of law, omitting the facts necessary to that conclusion." *Id.* at 595. In order to properly charge the offense of theft, is it therefore necessary to allege the culpable mental state of intentionally or knowingly?

At the time of the offense, V.T.C.A. Penal Code, Sec. 31.03, hereinafter cited as P.C., provided:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another.

Further, at the time of the offense, Sec. 6.02, P.C., (Requirement of Culpability), read as follows:

\* \* \* \* \* \*

(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) *If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.*[1]

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged.

Does the fact the indictment mentions "with intent" dispense with the culpable mental state of intentionally or knowingly? See *Ex parte Santellana*, 606 S.W.2d 331 (Tex.Cr.App.1980); *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.1977); and *Teniente v. State*, 533 S.W.2d 806 (Tex.Cr.App. 1976).

The defect in this indictment, as I see it, is the failure of the indictment to initially allege the obtaining of the property was done intentionally or knowingly.

In the instant case, the indictment initially alleges appellant "unlawfully obtain[ed] property," but there is no allegation that he did so intentionally or knowingly. As I view the offense, the "gist" of the offense is the offender must initially intend to appropriate the property wrongfully or unlawfully, and he thereafter wrongfully or unlawfully appropriates it to his own use and benefit with the intent to deprive the said owner of said property. This construction comports with the first part of the statute: "*A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.*" The offense of theft is quite plainly committed where the offender has a guilty mind (mens rea) or is acting with a culpable mental state of intentionally or knowingly and, acting with that guilty mind, he commits the wrongful deed (actus reus). In sum, the "intentionally or knowingly" culpable mental state deals with the thief's state of mind in initially obtaining the property in question. His state of mind thereafter is literally surplusage. Cf. former penal code Art. 1424, where a voluntary return of property went to mitigation but was not a defense to the crime itself. Here, by the terms of the indictment, the culpable mental state exists *after* the offender obtained the property, not *before*, Cf. *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App. 1976), as I think the law requires.

The additional problem I have with this indictment, which is rather evident from the above, is that this indictment does not, at a minimum, track the statute verbatim. If it had, in my view, the indictment might not be void for failure to state an offense against the laws of this State. This indictment, however, omits an element clearly required by the applicable statute. When a culpable mental state is an element of an offense and the indictment fails to allege that element, the indictment is fundamentally defective and will not support a conviction. *Zachery v. State*, 552 S.W.2d 136 (Tex.Cr.App.1977). In passing, it is interesting to note that virtually all, if not all, indictments for the offense of theft that now come before this Court allege a culpable mental state, as well as the word "unlawfully." It is recognized this indictment was for an offense that occurred on July 29,

1. Emphasis added throughout by the writer hereof unless otherwise indicated.

1976; returned on February 25, 1977, with the appellant being tried and convicted on November 26, 1977. The cause reached this Court on October 12, 1978, but, due to this Court's backlog, is just now being decided. Nevertheless, it appears the State, if it choses, may reindict the appellant and retry him for this offense. See Art. 12.05, C.C.P. Though the prosecutor did not have the benefit of many of the theft cases decided by this Court, for example, *Reynolds,* supra, was decided on November 3, 1976, nevertheless, "it is difficult to understand why an indictment such as here was not more carefully drafted since the indictment is the foundation of the whole criminal proceeding involving this defendant." See *Jones v. State,* 611 S.W.2d 87 (Tex.Cr.App.1981).

Therefore, after giving the matter a great deal of thought, and based on the law as I view it, I would hold the indictment in this cause fundamentally defective and would order this cause reversed and the indictment dismissed.