**Ex parte Charlie Gene PAYNE.**

No. 67970.

Court of Criminal Appeals of Texas,
En Banc.

July 1, 1981.

W. V. Dunnam, Jr., Waco, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Before us is a petition for issuance of a writ of habeas corpus in which petitioner alleges that the indictment underlying his felony conviction for theft in trial Cause No. 76–189–C, is void.[1]

The record reflects an indictment was returned against petitioner on May 27, 1976, which alleged, omitting the formal portions, that he did,

". . . with intent to deprive the owner Albert Clifton of property, namely:

| | | |
|---|---|---|
| 1. | One Pastel Mink Coat | Over the value of $200.00 But Less Than $10,000.00 |
| 2. | One Natural Mink Coat | Over the value of $200.00 But Less Than $10,000.00 |
| 3. | One Natural Autumn Haze Mink Jacket | Over the value of $200.00 But Less Than $10,000.00 |
| 4. | One Natural Beaver Coat | Over the value of $200.00 But Less Than $10,000.00 |

1. The petition does not in terms rest on Article 11.07, V.A.C.C.P., and the posture of the proceeding is made more unusual by the habeas court's entry of two contemporaneous orders: one ordering issuance of the writ returnable to this Court; the other denying relief, remanding petitioner "to the restraint under the judgment and order of probation herein and noting a notice of appeal.

| 5. One Tip Dyed Sable Jacket | Over the value of $200.00 But Less Than $10,000.00 |
| 6. One Sterling Silver Jewelry Box | Over the value of $200.00 But Less Than $10,000.00 |
| 7. A Sony Color Television | Over the value of $200.00 But Less Than $10,000.00 |
| 8. A Gold and Porcelain Mantle Clock | Over the value of $200.00 But Less Than $10,000.00 |
| 9. A Gold Filigree Bracelet | Over the value of $200.00 But Less Than $10,000.00 |
| 10. A Diamond and Pearl Ring | Over the value of $200.00 But Less Than $10,000.00 |
| 11. A Gold Link Bracelet | Over the value of $200.00 But Less Than $10,000.00 |
| 12. Diamonds | Over the value of 200.00 But Less Than $10,000.00 |

did then and there, intentionally and knowingly, *unlawfully* appropriate such property, which property had a total value of over $10,000.00"

Thereafter, upon a plea of not guilty, petitioner was convicted of felony theft on September 14, 1976,[2] and the jury assessed his punishment at seven years and a $5,000.00 fine, probated. Petitioner has apparently been subjected to the terms and conditions of probation from that day, to this.
 On April 14, 1981, petitioner filed his application for writ of habeas corpus pursuant to the jurisdictional provisions of Article 11.07, § 2, V.A.C.C.P. The writ was processed by the District Clerk, and acted upon by the convicting trial court and returned to this Court consonant with those provisions. Article 11.07, § 2, supra, however, confers habeas corpus jurisdiction upon this Court in cases in which the petitioner is restrained pursuant to a *final* felony conviction. When probation has been granted and never revoked, as in the case before us, the conviction cannot be characterized as "final." See Article 42.12, § 7, V.A.C.C.P.; *Todd v. State*, 598 S.W.2d 286 (Tex.Cr.App.1980); *Fetters v. State*, 108 Tex.Cr.R. 282, 1 S.W.2d 312 (1927); *Hous-*

**2.** Just as we will find the indictment fatally omitted an essential element of the offense of theft, so also to be noted is that in applying the law to the facts the charge suffers the same defect.

**3.** Article 11.22, V.A.C.C.P., provides:
 "By 'restraint' is meant the kind of control which one person exercises over another, not to confine him within certain limits, but *to subject him to the general authority and power* of the person claiming such right."

*ton Chronicle v. McMaster*, 598 S.W.2d 864 (Tex.Cr.App.1980).

Thus, since petitioner is "restrained"[3] under an order granting probation, the jurisdiction of this Court he seeks to invoke cannot lie under Article 11.07, supra, for want of the "subject matter" required there.

 Petitioner is not, however, without a remedy. Article 11.23, V.A.C.C.P., entitled "Scope of Writ" provides:
 "The writ of habeas corpus is intended to be applicable to all such cases of confinement and *restraint, where there is no lawful right in the person exercising the power*, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law."

Petitioner alleges that the indictment on which the order granting him probation is based is void. If the indictment is void, then all proceedings had and orders issued pursuant thereto are also void, *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980), including, of course, the order of probation under which petitioner is presently restrained.

Accordingly, because petitioner has alleged facts which, if shown to be true, would entitle him to habeas relief, we must address his contention. *Basaldua v. State*, 558 S.W.2d 2 (Tex.Cr.App.1977). While petitioner is not situated so as to invoke the statutory habeas corpus jurisdiction of this Court pursuant to Article 11.07, supra, Article 11.08 or Article 11.09, V.A.C.C.P., he has effectively invoked our constitutional original jurisdiction,[4] *Basaldua*, supra—if not

(All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

**4.** Article V, § 5 Tex.Const. provides in part:
 "Subject to such regulations as may be prescribed by law, regarding criminal law matters the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writs of *habeas corpus*, mandamus, procedendo, prohibition, certiorari...."
See *Ex parte Powell*, 558 S.W.2d 480, 482 (Tex. Cr.App.1977).

the appellate jurisdiction of the Court.[5]

Thus, this Court has jurisdiction to determine petitioner's allegation that the indictment on which he was tried, convicted and granted probation, is fundamentally defective.

■ At the time petitioner was alleged to have committed the theft, as it is today, the offense was proscribed by V.T.C.A. Penal Code, § 31.03, as follows:

"(a) A person commits an offense if he *unlawfully* appropriates property with intent to deprive the owner of property.

(b) *Appropriation* of property is *unlawful* if:

(1) it is without the owner's effective consent;

*or*

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

In *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977), this Court determined that the allegation of "unlawful" appropriation of property constitutes nothing more than a conclusion; it was accordingly held therein that it is indispensable to the fundamental adequacy of the pleading that it allege the appropriation was either "without the owner's effective consent," or, with knowledge the property "was stolen by another." See also *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976).

Because the indictment returned against petitioner in the instant case failed to delineate the "unlawful" aspect of his appropriation of the affected property, under the authority of *Reynolds, supra*, it utterly fails to allege an offense against the law and, thus, may not support a verdict or judgment. *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). Likewise, the order placing petitioner on probation is a nullity. *Garcia v. Dial, supra*.

The writ is granted; the judgment and the order granting probation in trial Cause

No. 76–189–C are vacated and set aside, and the indictment in that cause is dismissed. Petitioner is therefore released from custody[6] and every manner of restraint in his personal liberty as a consequence of that conviction. The Clerk of this Court is directed to forward a copy of this opinion to the Judge of the 54th Judicial District Court of McLennan County, as well as the Juvenile and Adult Probation Officer of McLennan County.

It is so ordered.

---

5. Articles 11.05, 11.22, 11.23, 11.64 and 44.34, V.A.C.C.P. See *Ex parte Powell*, supra, and *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App. 1977) (Concurring Opinion).

6. See Articles 11.64, supra, and 11.21, V.A.C. C.P. for definition of "constructive custody;" *Ex parte Guzman*, supra.