**Albert James BROADNAX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–021–CR.**

Court of Appeals of Texas,
Texarkana.

Nov. 10, 1981.

Carl Friedlander, Richardson, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

CORNELIUS, Chief Justice.

Appellant was convicted in a jury trial of the offense of theft from the person and was sentenced to two and one-half years in the Texas Department of Corrections. It will not be necessary to discuss the evidence as its sufficiency is not challenged.

The jury was charged that it must find that the accused took a purse from its owner, Ms. Pamela Miller, "without the effective consent" of Ms. Miller. Effective consent was defined as "assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner." No objection was lodged against the charge.

Appellant first contends that the charge was fundamentally defective because it should have advised the jury of the various ways specified in Tex.Penal Code Ann. Sec. 31.01(4)(A)–(D) by which consent may be rendered non-effective, and should have applied the facts to that law. We disagree. No issue was raised by the evidence that a type of consent less than effective was given to the taking of the purse. It is only when such an issue is raised by the evidence that the exceptions to effective consent should be charged upon. The undisputed evidence showed that Ms. Miller gave no consent whatsoever to the taking of her property.

The next ground of error asserts that the indictment was fundamentally defective because it did not allege what type of ineffective consent was involved. There is no merit to this contention. The averment "without the effective consent of the owner" tracks the statute and is sufficient. When such an allegation is made the accused is put on notice that the lack of consent could be for any of the reasons specified in Sec. 31.01(4). See *Feldman v. State*, 576 S.W.2d 402 (Tex.Cr.App.1979).

Complaint is also made that the indictment was fundamentally defective because it alleged that Ms. Pamela Miller was the owner of the purse but it did not specify what type of ownership she had under the definitions of "owner" contained in Tex. Penal Code Ann. Sec. 1.07(a)(24). The complaint is overruled. The indictment was framed in the language of the statute. The fact that various kinds of interests or rights of control are included within the legal definition of owner does not, in the absence of a timely motion to quash, require the indictment to allege the particular type of ownership applicable.

The last two grounds of error urge that both the indictment and the charge are fundamentally defective because they fail to allege or require that the jury find that the accused took the purse from "the person of another" as used in Tex. Penal Code Ann. Sec. 31.03(d)(4)(B). We overrule these grounds. Both the indictment and the charge used language alleging or requiring a finding that the accused took the purse from the person of Pamela Miller, the owner. The word "another" means a person other than the actor. Appellant was the alleged actor, and Ms. Pamela Miller was "another".

The judgment of the trial court is affirmed.