Michael Lynn FOSTER, Appellant,

v.

STATE of Texas, Appellee.

No. 11–81–092–CR.

Court of Appeals of Texas, Eastland.

March 4, 1982.

We are required to consider the evidence in the light most favorable to the jury's verdict. See, e.g., *Minx v. State*, 615 S.W.2d 748 (Tex.Cr.App.1981). The jury is the exclusive judge of the facts proved, and it was not required to believe appellant's testimony. There was sufficient evidence which the jury could, and did, believe beyond any reasonable doubt that appellant did, in Dallas County, Texas, on or about August 27, 1979, unlawfully have sexual intercourse with a child who was not his wife. The victim testified that appellant grabbed her and dragged her from the street to his home, ripped her clothes off, and achieved at least a partial penetration of her female organ with his male sexual organ.

Appellant's only ground of error argues that the trial court erred "when it sentenced the appellant to be confined in the Texas Department of Corrections for not less than two nor more than twelve years and until a $5,000.00 fine and $26.00 costs have been paid." This ground of error is overruled.

Tex.Code Crim.Pro.Ann. art. 43.03(c) (Vernon 1979) states:

If a defendant is sentenced both to imprisonment and to pay a fine or costs or both, and he defaults in payment of either, a term of imprisonment for the default, when combined with the term of imprisonment already assessed, may not exceed the maximum term of imprisonment authorized for the offense for which defendant was sentenced.

Since appellant will be able to serve his 12 year sentence and enough additional

Russ Henrichs, Dallas, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before McCLOUD, C. J., and RALEIGH BROWN and DICKENSON, JJ.

DICKENSON, Justice.

The jury convicted Michael Lynn Foster, appellant, for "rape of a child"[1] and assessed his punishment at confinement for 12 years and a fine of $5,000.00.[2] Michael Lynn Foster appeals.[3] We affirm the conviction.

1. Tex.Penal Code Ann. § 21.09 (Vernon Supp. 1982) provides that it is a second degree felony for a person to have sexual intercourse with a female, not his wife, who is younger than 17 years of age. Appellant is several years older than the 14 year old victim, and there is evidence that she was a virgin. Consequently, neither affirmative defense is applicable.

2. The maximum punishment authorized for this second degree felony would have been confinement for 20 years plus a fine of $10,000.00.

See Tex.Penal Code Ann. § 12.33 (Vernon 1974).

3. This appeal was originally filed in the Texas Court of Criminal Appeals; that court transferred the case to the 5th Court of Appeals on September 1, 1981. See 1981 Tex.Gen.Laws, ch. 291, § 149 at 820. The Supreme Court of Texas transferred the case from the 5th Court of Appeals to the 11th Court of Appeals on October 1, 1981. See Tex.Rev.Civ.Stat.Ann. art. 1738 (Vernon Supp. 1982).

time to discharge his fine and costs[4] in less than the 20 year maximum term of imprisonment authorized for his offense, the trial court did not err in sentencing appellant.

Appellant cites the case of *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), in support of his argument that it is a denial of equal protection to imprison an indigent for nonpayment of a fine; however, *Tate* is not only distinguishable on its facts, but it also states, 401 U.S. at 399, 91 S.Ct. at 671, 28 L.Ed.2d at 134:

> The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination.

Chief Justice Burger stated in *Williams v. Illinois*, 399 U.S. 235 at 243, 90 S.Ct. 2018 at 2023, 26 L.Ed.2d 586 at 594 (1970):

> We hold only that a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine.

In this case the "statutory ceiling" for the substantive offense of "rape of a child" is 20 years. We hold that there is no violation of federal law by sentencing appellant to serve 12 years and enough additional time to discharge the $5,000 fine and court costs of $26.00. As noted above the sentence is in compliance with State law. See Article 40.03(c), supra.

Appellant also cites *Ex Parte Minjares*, 582 S.W.2d 105 (Tex.Cr.App.1979, en banc), and *Ex Parte Sheppard*, 548 S.W.2d 414 (Tex.Cr.App.1977). *Minjares*, like *Tate*, dealt with traffic violations and is not in point. *Sheppard* dealt with a situation where the "petitioner has been confined for a period longer than the maximum possible punishment for the offense" in violation of Article 43.03(c), supra.

The judgment of the trial court is affirmed.

4. Tex.Code Crim.Pro.Ann. art. 42.10 and art. 43.09 (Vernon 1979 and Vernon Supp. 1982) provide that appellant will receive "a credit of fifteen dollars for each day" served (after com-

pleting his 12 year sentence); therefore, it will take no longer than 336 days to discharge the $5,000 fine plus $26 costs.