**Ex parte Jerel Lynn KENNEDY.**

**No. 67148.**

Court of Criminal Appeals of Texas.

Oct. 27, 1982.

Rehearing Denied Dec. 8, 1982.

Jerel Lynn Kennedy, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a post conviction habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P. In Cause No. F79–12531–RJ below, petitioner was initially charged with aggravated kidnapping[1] but, according to a Nunc Pro Tunc Order entered by the trial court, by written motion the State was permitted to abandon the aggravation allegation; whereupon petitioner pleaded guilty to and the trial court found him guilty of what it characterized as "the lesser included felony offense of kidnapping."

Petitioner contends the indictment and the judgment of conviction for kidnapping are fundamentally defective in that a requisite culpable mental state is not alleged. We agree and grant relief.

A person commits the offense of kidnapping "if he intentionally or knowingly abducts another person;"[2] one commits the offense of aggravated kidnapping "if he intentionally or knowingly abducts another person" with one of the proscribed accompanying mental states[3]—in this instance "with intent to terrorize..."[4] When the State abandoned the latter feature of aggravation, the indictment still did not allege that appellant "intentionally or knowingly" abducted Lynne. Thus, the indictment never alleged one or the other culpable mental state expressly required to be stated as an essential element common to both offenses.

In these circumstances it is enough to cite *Ex parte Santellana,* 606 S.W.2d 331 (Tex. Cr.App.1980) and grant relief. We need not address here the broader theory posed elsewhere that "it must first be shown that he was originally charged by a valid indictment or information for a greater crime" in order for one "to be validly convicted of a lesser included offense," Teague, J., concurring.

Accordingly, the writ is granted, the conviction in Cause No. F79–12531–RJ is vacated and set aside and the indictment in that cause is dismissed. Therefore, petitioner is released from custody and every manner of restraint in his personal liberty as a consequence of the conviction. The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

---

1. In pertinent part the indictment alleged that petitioner on a specified date and in the designated county did

> "unlawfully, then and there with intent to prevent the liberation óf Lynne ... and without her consent, did restrain said Lynne ... by holding her in a place by using deadly force, to-wit: a shotgun, ... with intent to terrorize the said Lynne..."

To be noted immediately is that a culpable mental state prescribed by V.T.C.A. Penal Code, § 6.02, is not alleged.

2. V.T.C.A. Penal Code, § 20.03(a).

3. V.T.C.A. Penal Code, § 20.04(a).

4. V.T.C.A. Penal Code, § 20.04(a)(5).

TEAGUE, Judge, concurring and dissenting.

I wholeheartedly agree that this case fits the teachings of *Ex parte Santellana,* 606 S.W.2d 331 (Tex.Cr.App.1980), like a glove.

The Legislature, in defining the offense of aggravated kidnapping, placed two requisite mental states into the language of the statute: the offender must act intentionally or knowingly in abducting his victim *and* the abduction must be done with the specific intent to effectuate one of the six enumerated purposes. See V.T.C.A., Penal Code, Sec. 20.04. In fact, compared to the aggravated robbery statute, the Legislature was even more explicit in defining aggravated kidnapping, because the general culpable mental states of intentionally and knowingly, which are set out in the kidnapping statute, were repeated in the aggravated kidnapping statute, whereas in the aggravated robbery statute the specific elements of the robbery statute, which includes a general culpable mental state, were not reiterated.

For the above reasons, I agree with the applicant and the majority that the original indictment in this cause, which attempts to allege the offense of aggravated kidnapping, is void as a matter of law for failure to allege a culpable mental state.

Recently, Judge Roberts, speaking for this Court in *Crawford v. State,* 624 S.W.2d 906 (Tex.Cr.App.1981) (On Court's Motion for Rehearing), in perspicuous language, in commenting on the jurisdictional features of an indictment, stated the following:

\* \* \*

We should not lose sight of the reason why the failure of an indictment to allege all the elements of an offense will result in a reversal, even though it be noticed for the first time on appeal (or even later, by way of habeas corpus). It is because a valid indictment or information is the only means by which the trial court can obtain jurisdiction over the person of the defendant. *Garcia v. Dial,* 596 S.W.2d 524, 527 (Tex.Cr.App.1980). If the trial court does not obtain personal jurisdiction, its acts are void. Id. at 528 n. 5. These defects can be raised for the first time in this court because they are jurisdictional, and they may not be waived. *Lackey v. State,* 574 S.W.2d 97, 100 (Tex. Cr.App.1978). From these principles it follows that an indictment which fails to allege an offense is not valid, fails to confer jurisdiction, renders the judgment of the trial court void, and is subject to [collateral] attack ... (emphasis added).

For a person to be validly convicted of a lesser included offense,[1] it first must be shown that he was originally charged by a valid indictment or information for a greater crime. E.g. Art. 4.06, C.C.P. If the original indictment or information for the greater crime is valid, that indictment or information gives the trial court jurisdiction over not only the greater offense alleged but also jurisdiction over any and all lesser included offenses. Thus, if the indictment in this cause originally had been a valid indictment, the trial court could have proceeded to judgment on any lesser included offense of the main offense, including but not limited to the lesser included offense of kidnapping. See *Ex parte McClelland,* 588 S.W.2d 957 (Tex.Cr.App.1979); and *Crawford v. State,* supra. However, it should follow that if a trial court never obtained personal jurisdiction over the defendant, by way of a valid indictment or information, any subsequent judgment rendered, including but not limited to one rendered for committing a lesser included offense of the main charge, is null and void. See *Ex parte McClelland,* supra, and *Carpenter v. State,* 551 S.W.2d 724 (Tex.Cr. App.1977).

I would, therefore, hold that as the original indictment in this cause is void, the trial court never obtained jurisdiction over the applicant. As the trial court never obtain-

---

1. See Art. 37.09, V.A.C.C.P.

ed jurisdiction over applicant, it had no authority to enter a judgment finding the applicant guilty for committing the lesser included offense of kidnapping. "Such judgment [as here] has been characterized as a dead limb upon the judicial tree, which may be chopped off at any time, capable of bearing no fruit to plaintiff but constituting a constant menace to defendant." See Freeman and Tuttle, *A Treatise On The Law Of Judgments,* (5th Edition 1925).

A conviction for committing a lesser included offense of the main charge, if predicated on a void indictment, is but a branch of the dead limb. The branch which binds the appellant to the penitentiary is rightfully ordered chopped off, for he is being unlawfully confined by virtue of an invalid judgment of conviction. I, therefore, agree with what my Brethren state in their majority opinion on this point.

However, I firmly disagree that this Court should not address what I say is or should be the law, to-wit: "It must first be shown that he was originally charged by a valid indictment of information for a greater crime in order for him to be validly convicted of a lesser included offense." Why not discuss the issue? Here, appellant was convicted of a lesser included offense to a greater crime. The majority implies, by its omission of any discussion, that when the offense was reduced to the lesser included offense of kidnapping, the indictment still had life. Such reasoning, if that be what it is called, is amazing to say the least and, if true, should be indelibly imprinted upon the entrance way to the front of our building for all mankind to observe. However, mark me "dissenting" to such inscription.

This indictment was void from the beginning. No! It never breathed life. It is

nothing more than a branch of a dead tree, see *supra*. We should not leave the door open for any sort of experimentation by some of our more enterprising members of the Bench and Bar because the open door, in my view, will more closely become a trap door for some poor soul who might chance to practice experimentation in one of the trial courts of this State.

I, therefore, respectfully concur in the result the majority reaches, but dissent to its failure to discuss what I feel should be discussed. Not only should we chop off the dead branch, but we should eradicate from the premises the entire dead tree [2] before some innocent member of the Bench or Bar injures himself through an act of experimentation.

McCORMICK, Judge, dissenting.

Because the majority refuses to follow the "gist of the offense theory" approved in both *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976), and *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977), I must dissent.

It is petitioner's contention that the indictment under which he was charged is fundamentally defective for failing to allege that he "intentionally or knowingly abducted" the alleged victim. The pertinent portions of the indictment allege that:

"... JEREL LYNN KENNEDY hereinafter styled Defendant, on or about the 26 day of November in the year of our Lord One Thousand Nine Hundred and 79 in the County and State aforesaid, did unlawfully, then and there with intent to prevent the liberation of Carey Earle and without her consent, did restrain said Carey Earle by holding her in a place by using deadly force, to-wit: a shotgun, on

---

**2.** In sum, the indictment in this cause, though possibly legally conceived through the declaration of a valid grand jury, and acknowledged by signature of the foreman of the grand jury, never validly existed thereafter because from that point forward it was truly a non-viable document. I, for one, thought a majority of

this Court really did mean what it said in *Brasfield v. State,* 600 S.W.2d 288, 302 (Tex.Cr.App. 1980), to-wit: "The offense so charged may not be amended, *neither by reducing the facts alleged,* nor by changing them, nor by adding to them." [Emphasis Added]

said Carey Earle, with intent to terrorize the said Carey Earle."

V.T.C.A. Penal Code, Section 20.04, provides, in part:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

"(1) hold him *for* ransom or reward;

"(2) use him as a shield or hostage;

"(3) facilitate the commission of a felony or the flight after the attempt or commission of a felony;

"(4) inflict bodily injury on him or violate or abuse him sexually;

"(5) terrorize him or a third person; or

"(6) interfere with the performance of any governmental or political function."

Further, V.T.C.A. Penal Code, Section 20.01, provides:

" * * * *

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

The contention made here is not unlike that made by the appellant in *Teniente v. State,* supra. There it was argued that the indictment for burglary was fundamentally defective for failure to allege a knowing or intentional entry. In overruling appellant's contention, this Court wrote:

"The conduct that is the gist of the offense or burglary in this case is the entry into the habitation with the requisite intent. The indictment alleges the culpable mental state with which the appellant entered the habitation; it alleges he entered the habitation 'with the intent to commit theft.'" *Teniente v. State,* supra.

Similarly, the indictment in the case at bar, which alleged the "abduction" in terms of the statutory definition of Section 20.-01(2), supra, alleges the "restraint" was "with intent to prevent the liberation" of the victim. Such an allegation is equivalent to an allegation that petitioner "intentionally abducted" the victim. See *Clark v. State,* supra.

Finally, V.T.C.A. Penal Code, Section 6.03(a), provides:

"A person acts intentionally, or *with intent,* with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." (Emphasis added)

The indictment before us sufficiently alleges that the petitioner engaged in conduct (restrain) *with intent* to cause the result (prevent[ing] the liberation of the victim).

The mere citation of *Ex parte Santellana,* 606 S.W.2d 331 (Tex.Cr.App.1980), by the majority is not, despite assertion to the contrary, "enough" to grant relief. I fail to perceive how the majority arrives at the conclusion that *Santellana* controls the instant case. *Santellana* held that two criminal acts were implicit in the definition of aggravated robbery, to wit: a theft, whether attempted, in progress or completed, and an assault. There are no two criminal acts implicit in the definition of aggravated kidnapping as charged in the instant indictment.

ROBERTS and DALLY, JJ., join in this dissent.