**Ex parte George Washington SMITH.**

**No. 69062.**

Court of Criminal Appeals of Texas.

Feb. 9, 1983.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

**OPINION**

CLINTON, Judge.

In this habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P., the Court will determine whether a charging instrument purporting to allege an offense of theft denounced by V.T.C.A. Penal Code, § 31.03(a) and (b)(1)[1] must allege, as well

1. The statute prescribes that one kind of theft is committed when a person "*unlawfully* appro-

priates property with intent to deprive the owner of property," adding that appropriation is

as a specific intent to deprive, a culpable mental state with respect to appropriating property without the owner's consent.[2]

Germane to our inquiry, the indictment alleges that appellant did

"unlawfully appropriate property . . . with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant."

It tracks relevant statutory provisions and follows the teaching of *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977). That is, since an allegation of "unlawful" appropriation is but a conclusion, it is indispensable to the fundamental adequacy of such a pleading that it allege the appropriation was "without the owner's effective consent." *Ex parte Payne,* 618 S.W.2d 380, 382 (Tex.Cr.App.1981).

So far as can be ascertained, this Court has never addressed the question of whether in addition to "the forbidden conduct"[3] there is also an element in the offense of theft under § 31.03(a) and (b)(1) of "the required culpability," V.T.C.A. Penal Code, § 1.07(a)(13). However, when identifying elements of the offense of theft the Court has never suggested an independent culpable mental state is required by the statutory definition of theft. See, e.g., *Ex parte Cannon,* 546 S.W.2d 266, 273 (Tex.Cr.App. 1976); *Reynolds v. State,* supra; *Smith v. State,* supra; *Ex parte Payne,* supra. By implication at least the Court has thus indicated that neither intentionally nor knowingly nor any other culpable mental state— as distinguished from specific intent to deprive of property—is a required element of the offense of theft defined by § 31.03(a)

and (b)(1). Today we make explicit that which has heretofore been implicit in germane decisions.

■ One who acquires or otherwise exercises control over personal property of another with intent to deprive the owner of it has not yet committed theft. To constitute theft such conduct must be without the owner's "effective consent"—a concept, we are told, was the "most farreaching change" made in the present penal code.[4] Practice Commentary to § 31.03, supra. The concept is spelled out in § 31.01(4), delineating instances where though assent may have been given the circumstances prescribed render consent ineffective. See *Broadnax v. State,* 626 S.W.2d 548, 549 (Tex.App.—Texarkana 1981). Thus, the *sine qua non* of the offense of theft under § 31.03(a) and (b)(1) is lack of effective consent on the part of the owner.

■ In consolidating all prior offenses in the nature of theft, the Legislature did not prescribe a culpable mental state in its definition of the kind of theft proscribed by § 31.03(a) and (b)(1). On the other hand it did not plainly dispense with "*any* mental element," V.T.C.A. Penal Code, § 6.02(b), for the definition requires a specific intent "to deprive the owner of property." No doubt the Legislature was satisfied that its definition met the traditional mens rea requirement of the criminal law. When the Court addresses sufficiency of allegations of mens rea in an indictment, we generally insist that the legislative prescription of a culpable mental state be followed, but we reject a contention that culpable mental

---

"unlawful" if done "without the owner's effective consent." (All emphasis is added throughout by the writer of this opinion unless otherwise indicated.)

**2.** The judgment of conviction was affirmed June 16, 1982 in an unpublished opinion by the Beaumont Court of Appeals in its Cause No. 09–81–110 CR. Applicant did not then challenge sufficiency of the evidence showing that he had stolen twenty six pieces of meat and several other items from a supermarket in Houston.

**3.** One element of an offense is "the forbidden conduct," V.T.C.A. Penal Code, § 1.07(a)(13).

"Conduct" means "an act . . . and its *accompanying mental state,*" id., § 1.07(a)(8). Here, as alleged, the act is appropriating property and its accompanying mental state is "intent to deprive the owner of property." See *Smith v. State,* 571 S.W.2d 917 (Tex.Cr.App.1978).

**4.** In the former penal code Article 1410 required as an essential element of the general offense of theft that taking of personal property of another be "without his consent." *Musick v. State,* 121 Tex.Cr.R. 616, 51 S.W.2d 715, 716 (1932).

state "outside the penal statute" is additionally required. See, e.g., *Ex parte Santellana,* 606 S.W.2d 331 (Tex.Cr.App.1980); *Kennedy v. State,* 641 S.W.2d 912 (Tex.Cr. App., 1982). Accordingly, consistent with the definition of theft provided by the Legislature, we now hold that there is no required culpability in the offense of theft alleged herein beyond that of a specific intent to deprive the owner of property. See *Rogers v. State,* 598 S.W.2d 258, 262 (Tex.Cr.App.1980).

The habeas corpus relief is denied.

ONION, P.J., and ODOM, J., concur in result.

MILLER, J., dissents.

TEAGUE, Judge, dissenting.

The majority opinion makes the following statement: "So far as can be ascertained, this Court has never addressed the question of whether in addition to 'the forbidden conduct' there is also an element in the offense of theft under Sec. 31.03(a) and (b)(1) of 'the required culpability,' V.T.C.A. Penal Code, Sec. 1.07(a)(13)." This statement is partly incorrect because a panel of this Court did consider the issue in *Minx v. State,* 615 S.W.2d 748 (Tex.Cr.App.1981), in which my opinion did not carry the day and it became necessary to convert it into a dissenting opinion.

In *Minx,* Id., the panel majority held, in construing a similarly worded indictment as here:

Contrary to the position taken by the minority, we find the indictment sufficient. In *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976) (State's motion for rehearing), this Court set out the requisites for a theft indictment under V.T.C.A. Penal Code, Section 31.03 (1974).... Accord: *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977) (State's motion for rehearing).

In applying the criteria established in *Cannon,* and reaffirmed in *Reynolds,* we find that the indictment sufficiently set forth all the necessary elements of theft. The 'with the intent to deprive the own-

er' element was placed at the end of the allegations. However, we fail to find that such drafting was 'fundamental error.' (p. 750)

Today, the majority of this Court holds: "... there is no required culpability in the offense of theft alleged herein beyond that of a specific intent to deprive the owner of property."

After carefully reading what the majority has stated in this cause, in conjunction with what I stated in my dissenting opinion in *Minx,* supra, I find that once again a majority has failed to see the light. I am therefore relegated to a minority position and must therefore again file a dissenting opinion.

Without repeating all of what I stated in my dissenting opinion in *Minx,* supra, but reaffirming all of that opinion, I will simply point out to the majority the following:

The word "unlawfully" means absolutely nothing under our law, see *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977), because such word pleads only a conclusion of law, omitting the facts necessary to that conclusion.

Sec. 6.02(b) of the Penal Code explicitly states the following: "If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

The indictment at bar fails to allege that the applicant intentionally or knowingly appropriated the property.

The "gist" of the offense of theft is that the offender must initially intend to appropriate the property of another wrongfully or unlawfully, and thereafter wrongfully or unlawfully appropriates it to his own use and benefit with the intent to deprive the lawful owner of said property.

The indictment at bar literally tracks the provisions of Sec. 31.03(a) of the Penal Code. However, it fails to allege in the beginning of the pertinent part a culpable mental state. The statute does not

plainly dispense with a culpable mental state.

The culpable mental state of intentionally or knowingly deals with the thief's state of mind in initially obtaining the property in question. His state of mind thereafter is literally unimportant.

When a culpable mental state is an element of an offense and the indictment fails to allege that element, the indictment is fundamentally defective and will not support a conviction. *Zachery v. State,* 552 S.W.2d 136 (Tex.Cr.App.1977). The offense of theft quite plainly is committed where the offender has a guilty mind (mens rea) or is acting with a culpable mental state of intentionally or knowingly and, acting with that guilty mind, he commits the wrongful deed (actus reus).

I observe by the indictment in this cause that the date of the offense is December 16, 1979, which is long after this Court decided *Reynolds v. State,* supra. And yet, virtually all of the theft indictments which have come before this Court in recent times do allege the culpable mental state of intentionally or knowingly. See also *Jones v. State,* 611 S.W.2d 87 (Tex.Cr.App.1981). By the many decisions of this Court which have reversed convictions because it was held that a charging instrument failed to allege a culpable mental state, we do a disservice today to the conscientious prosecutors of this State by denying this applicant relief. I fear that today's decision will in the future encourage prosecutors of this State to carelessly draft charging instruments.

Because I believe that the statute does require a culpable mental state, I must therefore respectfully dissent to the majority's contrary holding.