Charles REED, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 07–85–0073–CR.**

Court of Appeals of Texas, Amarillo.

May 15, 1986.

644

G. Dwayne Pruitt, Terry County Atty., Brownfield, for appellant.

Jimmy Hammons, Hale & Dyess, Brownfield, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Appellant Charles Reed was convicted of the theft of property over $200 but less than $750, accomplished by cashing a third-party check. Punishment was assessed at a fine of $100, but the imposition of sen-

tence was suspended in favor of probation for one year.

Waiving at submission the third of his three drafted grounds of error, appellant utilizes the other two grounds to contend that the evidence is insufficient to support the conviction in that (1) there was no showing of his specific criminal intent to deprive the owner of the property, and (2) the State failed to prove the property was taken without the effective consent of the owner. We will sustain the two grounds of error, reverse the judgment, and order the information dismissed.

The testimonial facts are that on or about 31 July 1984, appellant was hired by E.W. New to hoe careless weeds out of New's cotton field located in Yoakum County. They agreed that appellant and his crew would be paid $18 for every acre, consisting of five rows, hoed.

Appellant was paid $54 for 18 rows reportedly hoed on 1 August 1984. On the following day, appellant was paid $414 by a check drawn on New's bank account for 115 rows reportedly hoed by appellant and his crew of six to eight others. New paid the $414 upon appellant's representation and without confirming that the work had been completed satisfactorily.

On that day, August 2, appellant cashed the check by endorsing it and exchanging it for $414 cash, delivered to him by Rose Faught, at a grocery store owned by Jesse Faught and Rose Faught in Wellman, Terry County. The Faughts deposited the check for credit to their bank account.

On August 3, New inspected his cotton field and discovered that the rows were hoed mostly on one end, not hoed all the way through as he had expected. He ordered payment on the $414 check stopped on that day, he said, albeit there is other testimony that the stop-payment was ordered on the 8th day of August.

Three or four days after the check was cashed at the grocery store, according to Jesse Faught, the Faughts were telephonically advised by the bank that payment was stopped on the check. Jesse Faught contacted the Terry County Attorney, the result of which was the filing of a complaint and an information, by which it was alleged that appellant did

> unlawfully appropriate tangible personal property, to wit, U.S. Currency, by acquiring and otherwise exercising control over the same, without the effective consent of Jesse Faught, the owner thereof, with intent to deprive the said owner of said property, said property being then and there of the value of two hundred dollars or more but under the value of seven hundred fifty dollars.

Appellant pleaded not guilty to the charge, but was found guilty and assessed punishment in a bench trial.

■ To support its allegations of theft, the State was required to prove that appellant, with intent to deprive Jesse Faught of the cash, obtained it without Faught's effective consent. Tex.Penal Code Ann. § 31.03(a), (b)(1) (Vernon Supp.1986). The proof necessary to establish appellant's intent and Faught's lack of effective consent, the insufficiency of which appellant challenges, is evidence, viewed in the light most favorable to the judgment, from which any rational trier of fact could find these essential elements of the crime beyond a reasonable doubt. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Cr.App.1984); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Cr.App. 1984). Conversely, if the State's evidence supports an inference other than a finding of these essential elements of the crime, then no trier of fact could rationally find appellant guilty beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444, 449–50 (Tex.Cr.App.1983).

■ To prove its allegation of appellant's intent to deprive Faught of the money, the State was obligated to establish that intent at the time appellant exchanged the check for the cash. *Wilson v. State*, 663 S.W.2d 834, 836–37 (Tex.Cr.App.1984). The State's obligation could be discharged by direct evidence, such as appellant's testimony, or by looking to the surrounding circumstances from which specific intent

may be inferred. *Coronado v. State*, 508 S.W.2d 373, 374 (Tex.Cr.App.1974).

■ The State is unable to rely on appellant's testimony, for he, affirming that he was paid by New for the work he had done without any complaint by New when the check was cashed, disclaimed any intent to "cheat anyone out of any money." Thus, to discharge its obligation, the State, as is the usual situation, was relegated to its evidence of the surrounding circumstances for proof of the required intent by appellant.

However, that evidence reveals, in brief, that appellant contended he fully performed the work valued at the $414 he received from New while New complained that the work for which he paid was only partially performed. Hence, the evidence shows the prosecution is based on an underlying dispute, civil in nature, over the performance of a contract between appellant and New, who did not file the complaint in this prosecution. As such, the evidence, centering as it does on the right to money as between appellant and New, supports an inference other than appellant's intent to deprive Faught of the money received; and, therefore, no trier of fact could rationally find appellant guilty of theft beyond a reasonable doubt. *Carlsen v. State, supra.* It follows that the evidence is not sufficient to show that appellant had the requisite intent to support a conviction for theft. *Bryant v. State*, 627 S.W.2d 180, 183 (Tex.Cr.App.1982); *Cox v. State*, 658 S.W.2d 668, 671 (Tex.App.—Dallas 1983, pet'n ref'd). The first ground of error is sustained.

■ Even had the evidence supported a finding of the requisite intent for theft, appellant would not be guilty of theft unless he acquired the cash without the Faughts' effective consent. Tex.Penal Code Ann. § 31.03, *supra; Ex parte Smith*, 645 S.W.2d 310, 311 (Tex.Cr.App. 1983). In this regard, Rose Faught, who gave appellant the cash for New's check, testified that appellant made no representation about the check and he had her consent to take the money, albeit both she and her husband, Jesse, further testified that they would not have given consent if they then had known what they learned subsequent to cashing the check.

■ The State argues that since appellant did not tell Rose Faught that he had not hoed all the cotton rows for New, and was well aware that he was not entitled to the check, then appellant acquired the cash through deception, which rendered the Faughts' consent ineffective. Tex.Penal Code Ann. § 31.01(4)(A) (Vernon 1974). However, the State failed to conclusively establish by the evidence of the civil dispute between appellant and New that appellant had not performed his contract and knew he was not entitled to the check. At most, there was evidence of appellant's failure to perform his contract with New, which is not sufficient to prove deception under section 31.01, *supra. Phillips v. State*, 640 S.W.2d 293, 294 (Tex.Cr.App. 1982).

Consequently, not only does the evidence show that the Faughts' consent for appellant to take the money was not rendered ineffective by deception, but it supports the opposite inference so that no rational trier of fact could find from the evidence beyond a reasonable doubt that appellant acquired the money without the Faughts' effective consent. Again, it follows that the evidence is not sufficient to establish this element of the theft charged. *Carlsen v. State, supra.* The second ground of error is sustained.

■ Accordingly, the judgment of the trial court must be reversed. Because the reversal is dictated by the insufficiency of the evidence to prove two elements of the theft charged, a remand for a new trial is precluded, and we must order a dismissal of the prosecution. *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978); *Gibbs v. State*, 610 S.W.2d 489, 491 (Tex.Cr.App.1980).

The judgment is reversed, and judgment is here rendered ordering that the information be, and it is, dismissed.