NO. PD-1067-15

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE JAMES RICHARD "RICK" PERRY,
Appellant

_____

On Appeal from the 390th Judicial District Court,
Travis County, Texas, Cause No. D-1-DC-14 100139

_____

**APPELLANT'S POST-ORAL ARGUMENT SUBMISSION
IN CONNECTION WITH HIS BRIEF ON THE MERITS
ADDRESSING HIS PETITION FOR DISCRETIONARY REVIEW**

_____

TO THE HONORABLE JUDGES OF SAID COURT:

In light of questions from the bench at oral argument, the following is submitted to assist the Court in its disposition of Governor Perry's challenges to Count I of the indictment.

**A. The State, having repeatedly admitted that the veto is the basis of count I, should be estopped from suggesting otherwise.**

The State's pleadings in the court of appeals and the trial court, only some of which were specifically identified by counsel during oral argument, reflect repeated and unambiguous admissions which should estop the State from claiming that Count I is not based upon the veto and from asserting that any further factual development is necessary for Governor Perry's challenges to Count I to be fully cognizable in this

Court:[1]

**State's Supplemental Brief filed in the court of appeals on May 11, 2015 at page 3:**

> The parties have established entrenched positions. Appellant argues he has a constitutional right to make coercive threats and veto prosecutorial appropriations, and the State argues it has an absolute right to prosecute him for doing so based on his motives.

**State's Brief filed in the court of appeals on March 27, 2015, at page 42-43:**

> There are limitless ways in which a public servant may use government property in unauthorized way. In this case, the State will prove that a coercive threat followed by a retaliatory action constitutes both Coercion of a Public Servant and Abuse of Office.

**State's Response To Defendant's Third Motion To Quash, filed in the trial court on April 17, 2015 (contained in Clerk's Supplemental Record dated April 27, 2015 at page 18 (Supp.CR at 87)):**

> The challenges to Count One should be denied, and a jury should determine whether or not the veto of the Public Integrity Unit funds was a misuse of the Defendant's Power.

---

[1] *See e.g., Brito-Carrasco v. State*, 154 S.W.3d 127, 130 n. 10 (Tex. Crim. App. 2005)(Cochran, J., concurring)(discussing judicial admissions and their conclusive effect). See also *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001), citing *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983))("Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions."). Additionally, the doctrine of quasi-estoppel should prevent the State from asserting that the veto was not the gravamen of Count I. *See Schmidt v. State*, 278 S.W.3d 353, 358-359 (Tex. Crim. App. 2009); *Matthews v. State*, 165 S.W.3d 104, 109-111 (Tex. App.—Fort Worth 2005, no pet.); *Clark v. Cotten Schmidt, L.L.P.*, 327 S.W.3d 765, 700 (Tex. App.—Fort Worth 2010, no pet.).

**State's Response To Defendant's Third Motion To Quash, filed in the trial court on April 17, 2015 (contained in Clerk's Supplemental Record dated March 2, 2015 at pages 2 and 3 (Supp.CR at 4, 5)):**

> On or about June 14, 2013, Defendant Perry misused his gubernatorial power to veto a legislatively-approved appropriation of funds for the Public Integrity Unit. . . .
>
> Contrary . . . Defendant Perry misused government property that was subject to his custody and control and possession in that he used the lawful power of gubernatorial veto for an unlawful purpose, to wit: eliminating funding for the Public Integrity Unit. . . .
>
> Second, . . . Defendant Perry misused government property that was subject to his custody and possession in that he used the lawful power of gubernatorial veto for an unlawful purpose, to wit: eliminating funding for the Public Integrity Unit. . . .

**State's Response To Defendant's Motion For Immediate Transcription Of Grand Jury Testimony" filed in the trial court on October 31, 2014 (contained in Clerk's Supplemental Record dated January 28, 2015 at pages 14, 15, 20-21 (Supp.CR at 252, 253, 258-259)):**

> But a governor can veto a bill while sitting at his kitchen table.
>
> A governor can talk about the veto before making a decision. He can remain close-lipped and keep his cards to his chest. A governor may give an explanation for the veto, or, offer no explanation at all. The veto power is his regardless.
>
> This doctrine notwithstanding, Defendant Perry argues that his power to veto magnifies and incorporates the powers delegated to the other two branches of government . . . The

3

> Executive veto is incredibly powerful, but it cannot be the basis for Speech or Debate immunity.

These quotations simply illustrate what everyone has understood from the very beginning — that Count I is based exclusively on the Governor's exercise of his constitutional veto authority. Any effort by the State to contend otherwise now would harm the integrity of our legal system, and this Court should hold the State estopped from doing so.

**B. Section 39.02 violates Separation of Powers and this claim is cognizable.**

During oral argument, Appellant's counsel referred to *Ex parte Jones*, 803 S.W.2d 712 (Tex. Crim. App. 1991), a case not cited in Appellant's brief, and compared it to *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987) to elaborate on what constitutes a violation of the Separation of Powers doctrine and why this case poses a far graver threat. In both *Jones* and *Meshell*, statutes allegedly infringed or unduly interfered with a prosecutor's absolute discretion. The key consideration in both cases was the consequences of the statutory schemes. *Jones* upheld the statute, which provided a salutary impact on a citizen by allowing bail, yet posed no obstacle to the prosecutor's ability to prosecute. But in *Meshell*, the statute required dismissal of the charging instrument, thus preventing the prosecutor from proceeding altogether, and this Court struck down that statute as an undue interference by one branch into the discretion of another.

4

This case, by contrast, concerns whether the prosecution of a governor under Section 39.02 for the exercise of a veto would unduly interfere with the Executive Branch's core responsibility. The separation-of-powers consequences in this case are far more dramatic than in either *Jones* or *Meshell*. The threat of criminal prosecution under a general statute, such as Section 39.02, constitutes a chilling, undue interference with and encroachment upon the exercise of the Governor's Article IV, Section 14 discretion (limited only as it is by the express language of Article IV, Section 14 itself). Indeed, the Legislature may not make a law that, whether directly or by implication, the Texas Constitution prohibits. *See e.g., Shepherd v. San Jacinto Junior Coll. Dist.*, 363 S.W.2d 742, 743 (Tex. 1962); *State v. Brownson*, 61 S.W. 114 (Tex. 1901). Furthermore, "[w]hen the Constitution defines the circumstances under which a right may be exercised, the specification is an implied prohibition against legislative interference to add to the condition." *Ex parte Myer*, 84 Tex.Crim. 288, 297, 207 S.W. 100 (Tex. Crim. App. 1918)(citing Cooley, Const. Lim. (4th Ed.) p. 78; *Parks v. West*, 102 Tex. 11, 111 S.W. 726 (Tex. 1908)).

Accordingly, the prosecutor's attempt to use a general statute, Section 39.02, to prosecute the gubernatorial veto when the Legislature could not validly pass a statute limiting, let alone criminalizing, any exercise of that veto power in the first instance, demonstrates the Separation of Powers violation inherent in the instant

5

indictment.

**C. Cognizability under this Court's original habeas jurisdiction (and/or original mandamus/prohibition jurisdiction) provides an alternative basis for relief.**

As suggested by Appellant's counsel, if the Court has any lingering concerns regarding cognizability, it has the right to consider this appeal as an original writ of habeas corpus and/or as an original writ of prohibition under Article V, Section V of the Texas Constitution. This right is illustrated in the following cases:

*Ex parte Johnson*, 876 S.W.2d 340 (Tex. Crim. App. 1994);
*Ex parte Clore*, 690 S.W.2d 899 (Tex. Crim. App. 1985);
*Ex parte Payne*, 618 S.W.2d 380 (Tex. Crim. App. 1981);
*Basaldua v. State*, 558 S.W.2d 2 (Tex. Crim. App. 1997); and
*Ex parte Giles*, 502 S.W.2d 744 (Tex. Crim. App. 1973).

Respectfully submitted,

BOTSFORD & ROARK
*/s/ David L. Botsford*
David L. Botsford
State Bar No. 02687950
1307 West Ave.
Austin, Texas 78701
dbotsford@aol.com
Telephone: 512-479-8030
Facsimile: 512-479-8040

THE BUZBEE LAW FIRM
*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002

6

Tbuzbee@txattorneys.com
Telephone: 713-223-5393
Facsimile: 713-223-5909

BAKER BOTTS L.L.P.
*/s/ Thomas R. Phillips*
Thomas R. Phillips
State Bar No. 00000102
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701-4078
tom.phillips@bakerbotts.com
Telephone: 512-322-2565
Facsimile: 512-322-8363

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing has been delivered to all counsel at the time it was electronically filed.

BOTSFORD & ROARK
*/s/ David L. Botsford*