Duke v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-290-CR

TIMOTHY PAUL DUKE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Timothy Paul Duke appeals his conviction for driving while intoxicated.  In two points, he complains that the trial court erred in denying his motion to suppress and motion for continuance.  We will affirm.

In his first point, appellant argues that the trial court erred in denying his motion to suppress the results of a blood test.  He contends that his consent was coerced because the officer threatened consequences not contemplated by the mandatory statutory warnings and denied his requests for an attorney.

In reviewing the trial court's ruling on the motion to suppress, we apply a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the trial court's determination of historical facts, while we conduct a de novo review of the trial court's application of the law to those facts.  
Id
.  When a case presents a question of law based upon undisputed facts, as in this case, we apply a de novo standard of review.  
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). 

Before an officer may request a breath specimen from a person arrested for driving while intoxicated, the officer must inform the person that refusal to provide a specimen (1) may be admissible in a subsequent prosecution; and (2) will result in an automatic driver’s license suspension.  Act of June 1, 1997, 75
th
 Leg., R.S., ch. 1013, § 34, 1997 Tex. Gen. Laws 3686, 3698-99 (current version at 
Tex. Transp. Code Ann. 
§ 724.015(1), (2) (Vernon Supp. 2003)).  
These warnings emphasize the importance of ensuring that the consent is given “freely and with a correct understanding of the actual statutory consequences of refusal.”  
Sandoval v. State
, 17 S.W.3d 792, 795 (Tex. App.—Austin 2000, pet. ref’d).  
Thus, if the officer requesting a blood sample misstates the law or includes extra-statutory consequences of a refusal to submit to the breath test, the consent is not voluntary.  
Erdman v. State
, 861 S.W.2d 890, 893-94 (Tex. Crim. App. 1993); 
Tex. Dep't of Pub. Safety v. Rolfe
, 986 S.W.2d 823, 827 (Tex. App.—Austin 1999, no pet.).

First, appellant contends that his consent was coerced because Officer Mendoza “warned that there would be additional consequences if he failed to sign the consent form once he was taken to the hospital to have the blood test performed.”  We disagree.

The videotape clearly shows that Officer Mendoza read appellant the full section 724.015 warnings before he asked him to submit to the blood test.  After appellant consented, Officer Mendoza informed him that if he refused to take the test once he arrived at the hospital, the officer would indicate that appellant refused to offer a specimen.  Therefore, because Officer Mendoza’s statement was made after appellant had consented to provide a specimen, the statement could not have influenced appellant’s consent.  Further, even if Officer Mendoza had made the statement before appellant consented, the statement does not constitute an extra-statutory warning.  The statement was merely a reiteration of the fact that appellant’s refusal could be used against him in future proceedings.  

Appellant also contends that his consent was involuntary because he was denied the right to confer with counsel before consenting to the blood test.  A defendant’s right to counsel is recognized by the Fifth and Sixth Amendments to the United States Constitution.  The Fifth Amendment protects a person from governmental compulsion to be a witness against himself, while the Sixth Amendment gives the defendant a right to assistance in a criminal prosecution.  
Griffith v. State
, 55 S.W.3d 598, 602 (Tex. Crim. App. 2001).  
To implicate the Fifth Amendment right to counsel, there must be evidence of custodial interrogation.  
Miranda v. Arizona
, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).  Police words or actions “normally attendant to arrest and custody” do not constitute interrogation.  
Rhode Island v. Innis
, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689 (1980).  
Therefore, Officer Mendoza’s request that appellant submit to a blood-alcohol test did not implicate his Fifth Amendment right to counsel.  
See Griffith, 
55 S.W.3d at 603 (holding that questions normally accompanying the processing of a DWI arrestee do not implicate Fifth Amendment). 

The Sixth Amendment protects an accused’s right to counsel “only at or after the time that adversary judicial proceedings have been initiated, whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.”  
Id.
  
A person does not become an “accused” simply because he has been detained by the government with the intention of filing charges against him.  
Id
. at 603-04.  In this case, formal adversary judicial proceedings had not started because the State had not filed any charges against appellant.  Therefore, administering the blood-alcohol test to appellant after he had requested, but not received, the advice of counsel did not violate his Sixth Amendment right to counsel.  
See id.
 at 604.  Appellant’s first point is overruled.

In his second point, appellant contends that the trial court erred by denying his motion for continuance to allow the presence of his blood analysis expert.  A trial court's decision to refuse a continuance is reversible only for an abuse of discretion.  
Heiselbetz v. State
, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995).  To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion.  
Janecka v. State
, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 825 (1997); 
Heiselbetz
, 906 S.W.2d at 511.
  

The proper method for preserving error in the denial of a motion for continuance based on the absence of a material witness is a motion for new trial.  
Taylor v. State
, 612 S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1981); 
Lemmons v. State
, 75 S.W.3d 513, 526 (Tex. App.—San Antonio 2002, pet. ref’d).  Error, however, may also be preserved if there is “some showing under oath” that the missing witness would testify as alleged in the motion for continuance.  
Taylor
, 612 S.W.2d at 570.  
Thus, the record must either contain an affidavit of the missing witness or a showing under oath from some other source that the witness would have actually testified to the facts alleged in the motion.  
Minx v. State
, 615 S.W.2d 748, 750 (Tex. Crim. App. [Panel Op.] 1981); 
Hartson v. State
, 59 S.W.3d 780, 784 (Tex. App.—Texarkana 2001, no pet.). 
  

In this case, appellant did not file a motion for new trial.  He did, however, file three separate motions for continuance.  Appellant complains that the trial court erred by failing to grant his third motion for continuance.  
In this motion, he requested a forty-five- to sixty-day continuance to allow the presence of his blood analysis expert, Dr. James L. Booker, who could not attend trial due to health considerations.  The sworn motion alleged that Dr. Booker was expected to (1) “give expert testimony regarding possible contamination of the blood sample in this case as well as the administration, admissibility, and reliability of blood alcohol testing”; (2) “offer critical testimony into the process and variables, prerequisites and predicates necessary to obtaining valid test results”; and (3) “offer critical testimony about the blood vial and phlebotomy procedures and protocols.”  The motion, however, was not accompanied by an affidavit from Dr. Booker, and there was no other evidence proffered to substantiate appellant’s allegations as to the expected content of Dr. Booker’s testimony.  In fact, at the time appellant filed his motion for continuance, Dr. Booker had not even reviewed the evidence in this case.  The record reveals that he would not have been able to evaluate and review the evidence for at least two months.  Because Dr. Booker had not reviewed the evidence, appellant could not have known what Dr. Booker’s testimony would have been had he testified.  Therefore, 
appellant has failed to preserve the alleged error for our review.  We overrule appellant’s second point.

Having overruled appellant’s points, we will affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.