COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-290-CR
 
TIMOTHY PAUL DUKE           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
    STATE
------------
FROM THE 367
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Timothy Paul Duke appeals his conviction
for driving while intoxicated. In two points, he complains that the trial court
erred in denying his motion to suppress and motion for continuance. We will
affirm.
In his first point, appellant argues that
the trial court erred in denying his motion to suppress the results of a blood
test. He contends that his consent was coerced because the officer threatened
consequences not contemplated by the mandatory statutory warnings and denied his
requests for an attorney.
In reviewing the trial court's ruling on
the motion to suppress, we apply a bifurcated standard of review. Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost total
deference to the trial court's determination of historical facts, while we
conduct a de novo review of the trial court's application of the law to those
facts. Id. When a case presents a question of law based upon undisputed
facts, as in this case, we apply a de novo standard of review. Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).
Before an officer may request a breath
specimen from a person arrested for driving while intoxicated, the officer must
inform the person that refusal to provide a specimen (1) may be admissible in a
subsequent prosecution; and (2) will result in an automatic driver's license
suspension. Act of June 1, 1997, 75th Leg., R.S., ch. 1013, § 34,
1997 Tex. Gen. Laws 3686, 3698-99 (current version at Tex. Transp. Code Ann. §
724.015(1), (2) (Vernon Supp. 2003)). These warnings emphasize the importance of
ensuring that the consent is given "freely and with a correct understanding
of the actual statutory consequences of refusal." Sandoval v. State,
17 S.W.3d 792, 795 (Tex. App.--Austin 2000, pet. ref'd). Thus, if the officer
requesting a blood sample misstates the law or includes extra-statutory
consequences of a refusal to submit to the breath test, the consent is not
voluntary. Erdman v. State, 861 S.W.2d 890, 893-94 (Tex. Crim. App.
1993); Tex. Dep't of Pub. Safety v. Rolfe, 986 S.W.2d 823, 827 (Tex.
App.--Austin 1999, no pet.).
First, appellant contends that his consent
was coerced because Officer Mendoza "warned that there would be additional
consequences if he failed to sign the consent form once he was taken to the
hospital to have the blood test performed." We disagree.
The videotape clearly shows that Officer
Mendoza read appellant the full section 724.015 warnings before he asked him to
submit to the blood test. After appellant consented, Officer Mendoza informed
him that if he refused to take the test once he arrived at the hospital, the
officer would indicate that appellant refused to offer a specimen. Therefore,
because Officer Mendoza's statement was made after appellant had consented to
provide a specimen, the statement could not have influenced appellant's consent.
Further, even if Officer Mendoza had made the statement before appellant
consented, the statement does not constitute an extra-statutory warning. The
statement was merely a reiteration of the fact that appellant's refusal could be
used against him in future proceedings.
Appellant also contends that his consent
was involuntary because he was denied the right to confer with counsel before
consenting to the blood test. A defendant's right to counsel is recognized by
the Fifth and Sixth Amendments to the United States Constitution. The Fifth
Amendment protects a person from governmental compulsion to be a witness against
himself, while the Sixth Amendment gives the defendant a right to assistance in
a criminal prosecution. Griffith v. State, 55 S.W.3d 598, 602 (Tex.
Crim. App. 2001). To implicate the Fifth Amendment right to counsel, there must
be evidence of custodial interrogation. Miranda v. Arizona, 384 U.S.
436, 444, 86 S. Ct. 1602, 1612 (1966). Police words or actions "normally
attendant to arrest and custody" do not constitute interrogation. Rhode
Island v. Innis, 446 U.S. 291, 300-01, 100 S. Ct. 1682, 1689 (1980).
Therefore, Officer Mendoza's request that appellant submit to a blood-alcohol
test did not implicate his Fifth Amendment right to counsel. See Griffith,
55 S.W.3d at 603 (holding that questions normally accompanying the processing of
a DWI arrestee do not implicate Fifth Amendment).
The Sixth Amendment protects an accused's
right to counsel "only at or after the time that adversary judicial
proceedings have been initiated, whether by way of formal charge, preliminary
hearing, indictment, information, or arraignment." Id. A person
does not become an "accused" simply because he has been detained by
the government with the intention of filing charges against him. Id. at
603-04. In this case, formal adversary judicial proceedings had not started
because the State had not filed any charges against appellant. Therefore,
administering the blood-alcohol test to appellant after he had requested, but
not received, the advice of counsel did not violate his Sixth Amendment right to
counsel. See id. at 604. Appellant's first point is overruled.
In his second point, appellant contends
that the trial court erred by denying his motion for continuance to allow the
presence of his blood analysis expert. A trial court's decision to refuse a
continuance is reversible only for an abuse of discretion. Heiselbetz v.
State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). To establish an abuse of
discretion, there must be a showing that the defendant was actually prejudiced
by the denial of his motion. Janecka v. State, 937 S.W.2d 456, 468
(Tex. Crim. App. 1996), cert. denied, 522 U.S. 825 (1997); Heiselbetz,
906 S.W.2d at 511.
The proper method for preserving error in
the denial of a motion for continuance based on the absence of a material
witness is a motion for new trial. Taylor v. State, 612 S.W.2d 566, 569
(Tex. Crim. App. [Panel Op.] 1981); Lemmons v. State, 75 S.W.3d 513,
526 (Tex. App.--San Antonio 2002, pet. ref'd). Error, however, may also be
preserved if there is "some showing under oath" that the missing
witness would testify as alleged in the motion for continuance. Taylor,
612 S.W.2d at 570. Thus, the record must either contain an affidavit of the
missing witness or a showing under oath from some other source that the witness
would have actually testified to the facts alleged in the motion. Minx v.
State, 615 S.W.2d 748, 750 (Tex. Crim. App. [Panel Op.] 1981); Hartson
v. State, 59 S.W.3d 780, 784 (Tex. App.--Texarkana 2001, no pet.).
In this case, appellant did not file a
motion for new trial. He did, however, file three separate motions for
continuance. Appellant complains that the trial court erred by failing to grant
his third motion for continuance. In this motion, he requested a forty-five- to
sixty-day continuance to allow the presence of his blood analysis expert, Dr.
James L. Booker, who could not attend trial due to health considerations. The
sworn motion alleged that Dr. Booker was expected to (1) "give expert
testimony regarding possible contamination of the blood sample in this case as
well as the administration, admissibility, and reliability of blood alcohol
testing"; (2) "offer critical testimony into the process and
variables, prerequisites and predicates necessary to obtaining valid test
results"; and (3) "offer critical testimony about the blood vial and
phlebotomy procedures and protocols." The motion, however, was not
accompanied by an affidavit from Dr. Booker, and there was no other evidence
proffered to substantiate appellant's allegations as to the expected content of
Dr. Booker's testimony. In fact, at the time appellant filed his motion for
continuance, Dr. Booker had not even reviewed the evidence in this case. The
record reveals that he would not have been able to evaluate and review the
evidence for at least two months. Because Dr. Booker had not reviewed the
evidence, appellant could not have known what Dr. Booker's testimony would have
been had he testified. Therefore, appellant has failed to preserve the alleged
error for our review. We overrule appellant's second point.
Having overruled appellant's points, we
will affirm the trial court's judgment.
 
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.