MAJOR POWELL v. THE STATE.

No. 1931.    Decided May 9, 1900.

1. **Indictment—Counts—Allegation of Name of Defendant.**

Where the indictment contained two counts, one for altering and the other for defacing the brand upon an animal, and the second count for defacing, upon which the conviction was had, nowhere contained the name of defendant, Held, a motion in arrest of judgment should have been sustained.

2. **Same.**

Where an indictment contains two counts and a conviction is had upon the second count, which fails to name the defendant, such omission can not be supplied by reference to the first count, where his name is set out.

3. **Charge—Accomplice Testimony.**

Where there are several witnesses whose testimony indicates their criminal connection with the transaction, the charge of the court should instruct and apply the law of accomplice testimony to all such witnesses.

APPEAL from the District Court of Jackson. Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction of defacing the brand upon one head of cattle; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*O. S. York* and *J. M. Moore,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts; the first charging appellant with unlawfully altering the brand upon one certain head of cattle, not his own, but the property of W. J. Dunlap, without consent, etc. The second count is. in the following language: "And the said grand jurors at said term upon their oaths present that on or about the 1st day of June, 1899, in the county and State aforesaid, did unlawfully deface the brand upon one certain head of cattle," etc. The conviction was obtained upon the second count, as specified in the verdict of the jury. Motion in arrest of judgment was made on the insufficiency of said count to support the judgment, but the principal point being that it fails to charge appellant with defacing the brand upon the animal. An inspection of this count shows that the name of appellant does not appear in said count. By omitting appellant's name, it fails to charge him with the offense set out in said count. This can not be supplied by reference to the first count. Boren v. State, 23 Texas Crim. App., 28. The motion in arrest should have been sustained, and for failure to do so the judgment is reversed.

There is another question that may arise upon another trial, as it is shown by this record; that is, the failure of the court to charge the law applicable to accomplice testimony. The court gave this phase of the law in his instructions, but limited it to the witness Bennett. There are other witnesses whose evidence indicates their criminal connection with the transaction. The charge on accomplice testimony should have included these as well as the witness Bennett. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*