## JOHN MANOVITCH v. THE STATE.

### No. 3338.   Decided June 26, 1906.

**1.—Embezzlement—Indictment—Different Counts—Time and Venue.**

Where in a prosecution the indictment charged felonies in different counts, the third count charging embezzlement of $200 in money, and the first count charged the venue, the year, month and day of the commission of the offense, and the third count alleged that on the day and date and in the county and State aforesaid the defendant in his fiduciary capacity did then and   *   *   *   unlawfully and fraudulently embezzle and misapply and convert to his own use without the consent of his said employer, etc., the same sufficiently alleged the time and venue of the offense, without reiterating the words "then and there."

**2.—Same—Doctrine of Election—Charge of Court.**

Where upon trial for embezzlement, which was charged in one count of an indictment containing different counts, the court submitted the issue of embezzlement alleged in the said count, the same was tantamount to an election.

**3.—Same—Charge of Court—Conclusion of Law.**

Where upon trial for embezzlement, the indictment charged embezzlement of money to be the property of G., there was no error in the court's charge that the indictment correctly alleged the money to be the property of G. This was a conclusion of law, and not a charge upon the weight of the evidence.

**4.—Same—Charge of Court—Different Sums Embezzled.**

Where in a prosecution for the embezzlement of $200 in money, the evidence showed the taking of different amou ts of money at the same time by the same act and the property of one party, there was no error in admitting such evidence, nor was there any error in the court's failure to limit the evidence in regard to the sum of $10 which was so taken; and the instruction of the court that if defendant took more than $50 in money there would be a sufficient predicate for finding him guilty of a felony was correct; and it was not necessary to charge the jury that the testimony in regard to the other money was admitted for any particular purpose.

**5.—Same—Leading Question—Repetition.**

Where upon trial for embezzlement the questions objected to, merely tended to a repetition what had already been sworn to, there was no· merit in the exception that the questions were leading; if so they were only slightly leading and not of sufficient importance to notice.

**6.—Same—Evidence—Leading Questions.**

Where upon trial for embezzlement the witnesses were permitted to testify with reference to the defendant's agency, receiving the money, etc., there was no merit in the objection that some of the questions and answers were leading, argumentative and assumed matters and brought about repetition.

**7.—Same—Charge of Court—Different Offenses.**

Where an indictment charged different offenses, and the court submitted only the one charging embezzlement, there was no error that the court refused to instruct the jury if there was a reasonable doubt as to which offense charged in the indictment the defendant was guilty of, to acquit.

**8.—Same—Evidence—Identity of Defendant.**

Where upon trial for embezzlement, the evidence showed that the defendant was absolutely ·identified as being the man who was seen at a certain time and place, there was no error in admitting thereafter testimony of a witness who had seen and exchanged money with a man answering defendant's description, just before he was identified as the defendant by another witness.

Appeal from the District Court of Jefferson. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains three counts. The court submitted only the third, and therefore we deem it unnecessary to notice any questions arising in regard to the other two counts, except as it bears on the third count. The third count charged appellant with embezzlement, in that he sustained the fiduciary and trust relation of clerk and employee of P. D. Gowling, charging him with embezzlement of $200, which came into his care and possession by reason of his clerkship and employment. Motion in arrest of judg-

ment was made because the indictment fails to show that the court had jurisdiction over the offense; and especially the third count fails to show that the embezzlement was committed in Jefferson County, and fails to show where the offense, if any, was committed. In regard to the third count, it is especially urged that it cannot be aided by anything alleged in the preceding counts, because the third count is a separate and distinct count under the law from the others, as though each were a separate bill of indictment; and because the first count in the indictment charges him with having converted the money belonging to Marable, as does the second count, and the head of the bill of indictment does not contain the word "did"; nor does it charge any offense, although it refers to Jefferson County and State of Texas; that it says he was a clerk, etc., but does not say that he did anything. The first count charges, "The grand jurors for the County of Jefferson, State aforesaid, duly organized as such at the February Term, A. D. 1906, of the district court of said county, upon their oath in said court present that John Manovitch, on or about the 24th day of August, One Thousand Nine Hundred and Four (1904) and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, was then and there in possession of personal property," etc. The third count is, as follows: "And the grand jurors aforesaid on their oaths aforesaid, do further present in said court that said Jno. Manovitch on the day and date, and in the county and State aforesaid, was a clerk and employee of P. D. Gowling, and as such clerk and employee, did then and unlawfully and fraudulently embezzle and fraudulently misapply and convert to his own use without the consent of the said 'P. D. Gowling," etc. It is evident from a reading of this, that this count does charge that appellant did unlawfully and fraudulently misapply and convert to his own use. In charging the embezzlement following the expression "did then and   *   *   *"   the word "there" is omitted. It is contended that this makes this count fatally defective. To this we cannot agree. "Then and there" has reference to the previous time and place alleged. The previous portion quoted from the third count states this sufficiently, in that it says, "that John Manovitch on the day and date and in the county and State aforesaid, was clerk," etc. This sufficiently fixes the time and place and venue in the third count, so far as charging those matters are concerned; and the omission of the word "there" will not render that part of the indictment invalid. In fact the expression at that particular point, "then and there" could have been omitted, and yet the indictment have remained complete. If it had simply stated "did unlawfully and fraudulently embezzle," etc., would have been sufficient without the insertion of the expression "then and there" under the peculiar averments of this count. It is well settled that each count itself in the charging part must distinctly charge an offense. But this does not refer to the formal allegations. These can be supplied by reference to the beginning of the

indictment. See White's Ann. Code Crim. Proc., sec. 404, subs. 1, 2, and 3, for collation of authorities. The first count if it contains a proper beginning may always be looked to supply, if necessary, such allegation as to the commencement of any subsequent count. Dancey v. State, 35 Texas Crim. Rep., 615. Nor is it required that each count shall commence "in the name and by the authority of the State of Texas"; nor that each count shall conclude "against the peace and dignity of the State." 27 Texas Crim. App., 472, 533; 31 Texas Crim. Rep., 294; and Dancey v. State, supra. Where the count begins setting out the formal part, it is sufficient without stating in subsequent counts in what court it was presented. Where the date and venue of the offense are sufficiently alleged in the first count it is unnecessary to repeat them in the other count, and where the first count is dismissed it may still be looked to, if necessary, to supply the date and venue of the offense. 31 Texas Crim. Rep., 1; 7 Texas Crim. App., 44; 13 Texas Crim. App., 650. So we do not believe there is any merit in appellant's motion in arrest of judgment.

It is urged that the court should have required the State to elect upon which count it would proceed for conviction; and erred in overruling appellant's motion for that purpose. Be this as it may, the court made the election himself in submitting the issues to the jury, in confining their consideration to the third count. This is a sufficient election. The question has been several times decided. It is unnecessary to refer to the authorities.

Exception was reserved to that portion of the court's charge, in which the jury were instructed that the indictment correctly alleged the money to be the property of Gowling, the exception being that it submitted the sufficiency and legality of the indictment to the jury, and took from them the right to determine the ownership; and second, it was upon the weight of evidence; and third, it should have instructed that, if they believe from the evidence that Marable gave his consent to take the money, he was the real owner, or if from all the surrounding circumstances at the time defendant believed or could have reasonably concluded that Marable left the money with him for any other purpose than as a trust fund, the defendant would not be guilty. We do not believe there is any merit in any of these contentions. The evidence shows that Gowling was the proprietor of the hotel. Appellant was his night clerk; that as such night clerk he received $261.25 from Marable, who was a guest at the hotel, put it in a place of safety in the hotel and locked it up; and that this occurred between 12 and 1 o'clock at night. Some time between that hour and daylight appellant took the money and fled. Under this state of case, we are of opinion that the court correctly informed the jury that the indictment properly alleged the ownership in Gowling, the proprietor of the hotel; and that it was not a charge upon the weight of the evidence. It was a conclusion of law upon which the court could instruct the jury.

Exception was also reserved to the admission of testimony relative to $10, which was taken from the cash drawer at the same time the $261.25 was taken. It seems that this $10 belonged properly to the hotel. This made $271.25 that appellant should have taken. Exception was also reserved to the failure of the court to restrict the jury in their consideration of this $10 as explanatory of the purpose for which it was introduced. We do not think there was any error in any of these contentions. The court instructed the jury that if appellant took more than $50 in money, it would be a sufficient predicate for their finding him guilty of a felony. The money was taken at the same time, by the same act, and so far as this prosecution was concerned, was the property of Gowling. There was no error in admitting the testimony; nor was there any error in the court's failure to limit the evidence in regard to the $10 so introduced. If he was guilty of embezzling $200 mentioned in the indictment, he was equally guilty by the same act of embezzling this $10 and $61.25, which was deposited at the same time with the $200. In other words, the indictment does not specify what particular money appellant embezzled, simply in general terms charged him with embezzling $200. If he was found guilty of having embezzled the money in excess of $50, it was not necessary to charge the jury that the testimony in regard to the other money was admitted for any particular purpose. It was embezzlement as to all of it.

Exception was reserved to the admission of testimony to the effect that appellant was night clerk, and that his duty as such was to wait on people, collect money that came in and take charge of valuables left at the hotel. It was objected that the questions were leading, and the answers stated conclusions. We do not agree with this contention. The questions and answers were, as follows: "Q. Defendant was in your employment? A. Yes, sir. Q. You say he was night clerk? A. Yes, sir. Q. You know what his duties were as night clerk? Did he have charge of anything, for instance, the office? A. Yes, sir. Q. What relation did he bear to the office of the hotel? A. He was clerk there in the office. Q. What were his duties? A. To wait on the people and collect money that came in, and take charge of any valuables left there." This bill is signed with the statement by the court that these questions, taken in connection with what had theretofore been propounded, and answered by the witness, were not considered by the court as leading, but merely tended to a repetition of what had already been sworn. We do not think this bill shows any merit. The questions may have been slightly leading, but not of sufficient importance to notice.

The next bill of exceptions is reserved to some questions and answers because they were leading, argumentative, assumed matters and brought about repetitions. It is sufficient to say in regard to this bill, that the witness was permitted to testify that as soon as he discovered the absence of his clerk, that he instituted search for him, and he did not

see him any more till in court after his arrest, and that Marable was a guest at his hotel. And further that he was permitted to testify that he did not give appellant his consent to convert and misapply the money; and the further fact that he missed $10 belonging to the hotel that was in the same cash drawer with the money Marable had deposited; and that appellant left without giving him notice of the fact that he was going, and did not tell him goodbye. He also objected to the testimony of Acker to the effect that he was a clerk in the hotel; and that as said clerk his duty was to receive money and valuables left by guests. He also objected to the testimony of Marable to the effect that he was a guest at the Gowling hotel, and that he was acquainted with appellant, who was clerk at the hotel; and the further fact that appellant was acting in that capacity at the time. Marable was also permitted to testify that he deposited the money, and further that it was his understanding that he would get his money back, and that he simply shoved the money across the table or bar to appellant, who put it in the drawer, and locked it up, and that the witness then went down stairs; and that he handed it to appellant to be kept for him (witness) until called for.

Another exception was reserved to the continuation of this witness' testimony, to the effect that he asked appellant to put away his money and take care of it until the next morning, and that the reason he gave it to him was because he was clerk of the hotel, and that he considered the money would be safe in his hands until the next morning. All of this testimony was admissible, and we find no error in the action of the court in regard thereto.

Appellant asked the court to instruct the jury, if from the evidence they should believe beyond a reasonable doubt that defendant is guilty of a violation of law, but was unable to ascertain of which offense charged in the indictment he is guilty of, or if they should entertain a reasonable doubt as to which of said offenses charged he is guilty, "you will find him not guilty." This was refused. There were three counts as before stated and the court only submitted one. To this end the court is authorized by the law.

A witness was introduced by the State, by whom it was shown that he saw a young man on the 24th of August, 1904, at the bank in which witness was interested at Nederland, whom he described as a young man near defendant's age. "I did not pay particular attention to him. The transaction was not a very ordinary one. $200 or $300 in silver was exchanged for bills. I do not remember the exact amount." He had the money in a sack, but the exact kind of sack witness did not remember and cannot describe it; did not pay any attention to it. His best recollection is that it was in a cloth sack. However, he is not positive as to that point. That his best recollection in regard to the matter was that the money was in silver dollars, and that the amount was between $200 and $300. He could not say what character of bills he gave him in exchange for this silver. That

it was just the ordinary run of bills that happened to be in the drawer at the time. He was further permitted to state that the young man who was in the bank was apparently about the age of defendant. This bill is signed with the qualification, that the witness was not permitted to give any of the above evidence until the State had first placed another witness on the stand, by whom defendant was absolutely identified as being the man whom he saw at Nederland on the day in question, and that the defendant was seen by the said first witness just shortly after the time that witness at the bank had with defendant the transaction inquired about; and that at the time when seen by said first. witness defendant had a large roll of bills, and was exhibiting them in the saloon at Nederland. As this matter is presented by this bill and explanation, we are of opinion there was no error in the admission of the testimony. The money deposited with appellant as clerk of the hotel was silver dollars, and as before stated, there was $261.25 of the silver deposited, and in addition there was $10 taken out · that belonged to the hotel.· Nederland is a little station on the railroad about equal distance between Port Arthur and Beaumont, about ten miles from each. We think this testimony was clearly admissible. It. may not have been very cogent, but still the circumstances were admissible to identify appellant so far as they would tend in that direction. As this record is presented to us we do not find any error of sufficient importance to require a reversal. The judgment is therefore affirmed.

Affirmed.

Brooks, Judge, absent.