**Robert T. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54418.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

Barry P. Helft, Dallas, Kim R. Thorne, Grand Prairie, for appellant.

Tom O'Connell, Dist. Atty., Verla Sue Holland and George E. Gasper, Asst. Dist. Attys., McKinney, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of theft of property valued at

more than two hundred dollars but less than ten thousand dollars; the punishment, enhanced by one prior felony conviction, was assessed by the jury at fourteen years' imprisonment.

Appellant contends that the indictment is fundamentally defective for failing to allege all the essential elements of the offense of theft. We agree and reverse the judgment of conviction.

The offense was alleged to have occurred on February 18, 1975. At that time, V.T.C.A., Penal Code, Sec. 31.03 defined the offense of theft as follows:

"(a) A person commits an offense if, *with intent to deprive the owner of property* :

"(1) he obtains the property unlawfully; or

"(2) he exercises control over the property, other than real property, unlawfully.

"(b) Obtaining or exercising control over property is unlawful if:

1. Sec. 31.03, supra, was amended in 1975 and now provides:
 "(a) A person commits an offense if he unlawfully appropriates property *with intent to deprive the owner of property.*
 "(b) Appropriation of property is unlawful if:
 "(1) it is without the owner's effective consent; or
 "(2) the property is stolen and the actor appropriates the property knowing it was stolen by another." (Emphasis supplied.)

2. Count one alleged theft by obtaining property without the owner's effective consent under Section 31.03(a)(1) and (b)(1). Count two *attempted* to allege theft by obtaining property from another knowing it to be stolen under Section 31.03(a)(1) and (b)(2).

3. Count two charged that appellant
 ". . . did then and there *unlawfully and fraudulently* receive from person(s) unknown, certain corporeal personal property *then and there belonging to Carroll Shelton,* and which said property had theretofore been acquired by the said person(s) unknown in such manner as that the acquisition comes within the meaning of the term theft, the said property being a 1974 Chevrolet Tractor and a 1962 Fruhauf Trailer, over the value of Ten

"(1) the actor obtains or exercises control over the property without the owner's effective consent; or

"(2) the property is stolen and· the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen." [1] (Emphasis supplied.)

The record reflects that appellant was brought to trial under a two-count indictment, each count alleging a different theory of theft.[2] When the State rested its case in chief, appellant moved for an instructed verdict on the ground that there was insufficient evidence to convict him of the offense charged. The court granted appellant's motion as to count one of the indictment and the trial proceeded on the State's theory embodied in count two [3] which failed to allege that appellant acted with "intent to deprive the owner of property." [4]

In *Ex Parte Cannon,* 546 S.W.2d 266, 273 (Tex.Cr.App.1976), we held that the offense of theft defined in Sec. 31.03, supra, prior to the 1975 amendment, embraced four different sets of possible elements:

Thousand Dollars and the said *[appellant] did then and there fraudulently receive and conceal the said property then and there well knowing the same to have been so acquired."* (Emphasis supplied.)

It is apparent that the drafter of count two tracked the statutory language of Vernon's Ann.P.C., Art. 1430 (1925), providing for the offense of receiving stolen property which was repealed by Acts 1973, 63rd Leg., p. 991, ch. 399, Sec. 3(a), eff. Jan. 1, 1974. The offense of receiving stolen property was one of many theft offenses consolidated in Section 31.03, supra, by virtue of V.T.C.A., Penal Code, Section 31.02.

4. V.T.C.A., Penal Code, Section 31.01(3) provides:
 "(3) 'Deprive' means:
 "(A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;
 "(B) to restore property only upon payment of reward or other compensation; or
 "(C) to dispose of property in a manner that makes recovery of the property by the owner unlikely."

"(1) a person

"(2) *with intent to deprive the owner of property*

"(3) obtains the property

"(4) without the owner's effective consent;

or

"(1) a person

"(2) *with intent to deprive the owner of property*

"(3) obtains the property

"(4) which is stolen property

"(5) from another

"(6) knowing it was stolen;

or

"(1) a person

"(2) *with intent to deprive the owner of property*

"(3) exercises control over the property, other than real property

"(4) without the owner's effective consent;

or

"(1) a person

"(2) *with intent to deprive the owner of property*

"(3) exercises control over the property, other than real property

"(4) which is stolen property

"(5) obtained by another

"(6) knowing it was stolen." (Emphasis supplied.)

See also *Reynolds v. State*, 547 S.W.2d 590, 595 (Tex.Cr.App.1976).

We further held in *Cannon* that a theft indictment is fundamentally defective when it fails to allege that the defendant acted with intent to deprive the owner of property, "an element necessary to every theft allegation." We also stated:

"An indictment for theft which does not allege *all* of the elements of *one* of these methods is fundamentally defective, since 'Everything should be stated in an indictment which is necessary to be proved.'

Art. 21.03, Vernon's Ann.C.C.P. See also Art. 21.11, V.A.C.C.P. . . ." Ibid at 273.

Moreover, Section 31.03, supra, prior to its amendment, as well as subsequent thereto, expressly provides in the description of the offense, that the actor have the "intent to deprive the owner of property." Article 21.05, Vernon's Ann.C.C.P., provides that where a particular intent is a material fact in the description of the offense it must be stated in the indictment. See also *Worthington v. State*, 469 S.W.2d 182, 183 (Tex. Cr.App.1971).

 Nor are we persuaded by the State's argument that a fundamental defect in one count of the indictment may be cured by incorporating the allegations of another count by reference. Each count of an indictment must definitely charge the commission of a distinct offense. *Square v. State*, 145 Tex.Cr.R. 219, 167 S.W.2d 192, 193 (1942); *Powell v. State*, 42 Tex.Cr.R. 12, 57 S.W. 95 (1900). However, this rule has no application to defects in form which may be supplied by reference to other parts of the indictment. *Manovitch v. State*, 50 Tex.Cr.R. 260, 96 S.W. 1, 2 (1906).

We conclude that the indictment failed to charge appellant with an offense against the laws of this State; therefore, the judgment of conviction is void. Appellant's ground of error is sustained.

Due to our disposition of this ground of error, it is unnecessary to address appellant's remaining contentions.

The judgment is reversed and the prosecution under this indictment is ordered dismissed.