

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

———————————————

No. 07-14-00031-CR

———————————————

PAULA GARCIA CABELLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18761-1103; Honorable Ed Self, Presiding

November 10, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In July 2011, pursuant to a plea bargain, Appellant, Paula Garcia Cabello, pleaded guilty to securing the execution of a document by deception[1] and was placed on deferred adjudication community supervision for four years and fined $1,000. In July 2013, the State moved to proceed to adjudication alleging Appellant had violated the conditions of her supervision by failing to report on a monthly basis to the Community Supervision Officer, failing to make required monthly payments, and failing to complete

_____

[1] See TEX. PENAL CODE ANN. § 32.46(b)(4) (West Supp. 2015) (a state jail felony).

court-ordered public service as agreed. At the hearing on the State's motion, Appellant pleaded true to the State's allegations. The trial court heard evidence, revoked her community supervision, and assessed punishment at 180 days confinement in a state jail facility, a $1,000 fine, and $1,188 restitution. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to review the records and file a *pro se* response if she desired to do so,[3] and (3) informing her of her right to file a *pro se* petition for discretionary review.[4] *In re Schulman*, 252 S.W.3d at 408. By letter, this court granted Appellant an opportunity to exercise her right to file a response to counsel's brief.

---

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014) (regarding Appellant's right of access to the record for purposes of filing a *pro se* response).

[4] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of this court's decision is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant did not file a response. Neither did the State favor us with a brief. By the *Anders* brief, counsel evaluates the underlying proceedings and finds no issues to present as potential reversible error. We agree with counsel.

STANDARD OF REVIEW

An appeal from a court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2015). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). When more than one violation of the conditions of community supervision is alleged, a single violation is adequate and the revocation order shall be affirmed if at least one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 919, 193 (Tex. Crim. App. 1978). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling, *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979), and a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

ANALYSIS

Here, Appellant entered a plea of true to all allegations in the State's original petition for revocation. She also signed a stipulation of evidence and judicially confessed to the State's allegations stating "all acts are true and correct."

We have independently examined the entire record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review. We therefore affirm the trial court's judgment and grant counsel's motion to withdraw. TEX. R. APP. P. 43.2(a).

Patrick A. Pirtle
Justice

Do not publish.