**Opinion filed January 31, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00008-CR

_____

## STEVEN CRUZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**

**Baylor County, Texas**

**Trial Court Cause No. 5627**

## M E M O R A N D U M   O P I N I O N

The jury convicted Steven Cruz of three counts of aggravated sexual assault of a child and assessed his punishment on each count at confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered that Counts Two and Three are to run concurrently and that Count One is to run consecutively to Counts Two and Three. In three issues on appeal, Appellant asserts that (1) the trial court erred in denying his motion to quash the

indictment, (2) the trial court erred in overruling his objections to the State's amendment to the indictment, and (3) the trial court abused its discretion by admitting a videotaped interview of the victim. We affirm.

*Background Facts*

E.S., the victim, alleged that Appellant, her stepfather, sexually assaulted her numerous times while she was under the age of fourteen. Appellant was indicted for three counts of aggravated sexual assault of a child by a grand jury in Cottle County. As a result of a change of venue, Appellant was subsequently tried and convicted in Baylor County. Baylor County and Cottle County are both within the 50th Judicial District of Texas. *See* TEX. GOV'T CODE ANN. § 24.152 (West Supp. 2018). Article 31.08 of the Texas Code of Criminal Procedure contains a provision whereby the trial court may return the cause to the original county on the completion of a trial in which a change of venue has been ordered. *See* TEX. CODE CRIM. PROC. ANN. art. 31.08, § 1(a) (West Supp. 2018). The trial court did not return the underlying proceedings to Cottle County. Accordingly, this appeal from Baylor County was filed with this court. *See* GOV'T § 22.201(l).

*Analysis*

In his first issue, Appellant contends that the trial court erred by overruling his motion to quash the indictment. The grand jury returned an indictment that charged Appellant as follows:

> THE STATE OF TEXAS vs. **STEVEN CRUZ**
>
> . . . .
>
> Charge: **AGGRAVATED SEXUAL ASSAULT OF A CHILD**
>
> . . . .
>
> IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
>
>     THE GRAND JURY, for the County of Cottle, State of Texas,

2

duly selected, impaneled, sworn, charged, and organized as such at the January Term A.D. 2015 of the 50th Judicial District Court for said County, upon their oaths present in and to said Court at said term that Steven Cruz, hereinafter styled Defendant, beginning on or about December 15, 2013[1] and continuing to on or about January 6, 2014, and before the presentment of this indictment, in the County and State aforesaid, did

**COUNT ONE:**
then and there intentionally or knowingly cause the penetration of the sexual organ of [E.S.], a child who was then and there younger than 14 years of age, by defendant's sexual organ.

**COUNT TWO:**
then and there intentionally or knowingly cause the penetration of [the] sexual organ [of E.S.], a child who was then and there younger than 14 years of age by defendant's finger.

**COUNT THREE:**
then and there intentionally or knowingly cause the penetration of the mouth of [E.S.], a child who was then and there younger than 14 years of age, by the defendant's sexual organ.

**against the peace and dignity of the State.**

Appellant asserted in his written motion to quash the indictment that each count was insufficient because each count did not sufficiently allege an offense. Appellant asserted that each count should have alleged his name, the county, the place where the alleged offense occurred, and the date the alleged offense occurred and that each count should have indicated that it was returned by a grand jury. *See* CRIM. PROC. art. 21.02 (West 2009). Appellant contends that each count had to stand on its own to charge him with an offense rather than relying on the "introductory" portion of the indictment to supply the elements he alleged were missing. We disagree.

---

[1]As set forth below, the trial court subsequently permitted the State to amend the date of December 15, 2013, to December 15, 2012. This amendment is the subject of Appellant's second issue.

3

The sufficiency of an indictment is a question of law that we review de novo. *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Article 21.02 sets out the requirements for an indictment. CRIM. PROC. art. 21.02. The elements that Appellant asserts were omitted from each count are listed in Article 21.02. As set out above, the State included the first six requirements of Article 21.02 within an introductory paragraph in the indictment and then stated three separate "counts," all of which contained statutory elements for the offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2018). Appellant contends that this format was a defect in form and violated Article 21.24(c). *See* CRIM. PROC. art. 21.24(c) ("[a] count is sufficient if any one of its paragraphs is sufficient," and an indictment "is sufficient if any one of its counts is sufficient.").

Appellant is correct that each count of an indictment must charge the commission of a distinct offense. *See London v. State*, 739 S.W.2d 842, 844 (Tex. Crim. App. 1987) (citing *Square v. State*, 167 S.W.2d 192, 193 (Tex. Crim. App. 1942); *Powell v. State*, 57 S.W. 95 (Tex. Crim. App. 1900)). However, this requirement does not apply to the "formal allegations" of an indictment. *Manovitch v. State*, 96 S.W. 1, 2–3 (Tex. Crim. App. 1906); *see Smith v. State*, 571 S.W.2d 917, 919 (Tex. Crim. App. 1978) (citing *Manovitch* for the proposition that "this rule has no application to defects in form which may be supplied by reference to other parts of the indictment"); *see also* 42 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 25:209 (3d ed. 2017). The court addressed a similar situation in *Manovitch*. 96 S.W. at 2. The court held that the formal allegations at the beginning of an indictment can supply allegations for subsequent counts, including the court where the indictment was presented, the name of the defendant, the date of the offense, and the venue of the offense. *Id.*

An indictment "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *Moff*, 154 S.W.3d at 601. The indictment provided Appellant with fair notice of the charges brought against him, which were three counts of aggravated sexual assault of a child. Specifically, Count One and Count Two alleged separate violations of Section 22.021(a)(1)(B)(i) committed by two different methods and Count Three alleged a violation of Section 22.021(a)(1)(B)(ii). An indictment or information normally provides sufficient notice if it tracks the language of the statute. *See Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). Accordingly, the trial court did not err by overruling Appellant's written motion to quash the indictment based upon the grounds that he alleged in the written motion to quash the indictment.

Appellant also asserts on appeal grounds for quashing the indictment that were not set out in his written motion to quash. These grounds include a contention that the indictment actually alleged the offense of continuous sexual abuse of a child, as set out in Section 21.02 of the Penal Code, rather than three counts of aggravated sexual assault of a child, as set out in Section 22.021 of the Penal Code. He also asserts that the indictment improperly alleged a "continuing" course of conduct. Appellant did not include these complaints in his written motion to quash the indictment, and he did not otherwise present these complaints to the trial court prior to trial.

"All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing." CRIM. PROC. art. 27.10 (West 2006). Furthermore, "[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." *Id.* art. 1.14(b) (West 2005). Because Appellant did

5

not assert in his written motion to quash the indictment his allegations that the indictment charged the wrong offense or that it improperly alleged a continuing course of conduct, the trial court could not have permissibly quashed the indictment on these grounds. *See State v. Martinez*, 548 S.W.3d 751, 757 (Tex. App.—Corpus Christi 2018, no pet.). Accordingly, Appellant waived his complaints that the indictment was defective based on his allegation that it charged the wrong offense and that it improperly alleged a continuing course of conduct.

We note that Appellant makes the argument that the indictment contained defects which caused a nonunanimous jury verdict and that the indictment precluded him from relying upon his convictions to bar future prosecutions. He makes these contentions in arguing that he suffered harm from the trial court's denial of his motion to quash the indictment. We disagree with both propositions.

Appellant contends that the indictment precluded the jury from agreeing to the same episodes of abuse. Appellant is correct that the jury "must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011) (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). But as noted in *Cosio*, the State may charge one offense and then present evidence that the defendant committed the charged offense on multiple, separate occasions. *Id.* at 772 (citing *Ngo v. State*, 175 S.W.3d 738, 748 n.33 (Tex. Crim. App. 2005)). In this circumstance, the requirement for jury unanimity is achieved by an instruction in the jury charge requiring it. *Id.* Additionally, the defendant may request, at the close of the State's case, for the State to elect which specific incident of sexual assault that the State will use to convict the defendant. *Id.* at 774 (citing *Phillips v. State*, 193 S.W.3d 904, 913 (Tex. Crim. App. 2006)). Thus, a nonunanimous jury verdict is not the result of the indictment but, rather, of the evidence presented at trial and the trial court's charge to the jury.

6

In this case, Appellant did not request the State to elect which discrete acts it was going to rely on for his three convictions, nor did Appellant object to the jury charge on the ground that it did not contain proper jury unanimity instructions. *See id.* at 771–74. Furthermore, Appellant does not challenge on appeal the content of the trial court's jury charge. We also disagree that the indictment precluded Appellant from relying upon these convictions to bar future prosecutions. *See Dixon v. State*, 201 S.W.3d 731, 735 (Tex. Crim. App. 2006). We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court should have sustained his objection to the State's request to amend the indictment. The amendment sought to change a date alleged in the indictment to one year earlier. The State made the request to amend the indictment during a pretrial hearing on Appellant's motion in limine. The trial court initially ruled at the pretrial hearing that any extraneous acts that were outside the date range of the indicted offenses needed to be presented by the prosecutor outside the jury's presence. The prosecutor then orally expressed her interest in amending the date of the indictment to "a year before" to encompass some of the extraneous acts, to which the trial court stated: "I will allow that."

The State subsequently filed a written motion to amend the indictment. Consistent with the State's requested oral amendment, the State sought to change the "beginning on or about" date from "December 15, 2013" to "December 15, 2012." Appellant filed written objections, arguing that he did not receive notice of the amendment and that his substantial rights to trial preparation were prejudiced because he was now required to defend an additional year of alleged offenses. At the hearing on Appellant's objection to the requested amendment, Appellant's trial counsel additionally argued that the evidence for this additional year "may or may

not have ever been reviewed by a grand jury." The trial court overruled Appellant's objection to the amendment.

Appellant asserts on appeal that the trial court erred because the amendment charged him with an additional or different statutory offense and prejudiced his substantial rights by permitting him to be convicted upon evidence that was not presented to the grand jury. We review a trial court's decision to permit amendment of an indictment de novo. *Smith*, 309 S.W.3d at 13–14. Amendments to charging instruments are governed by Article 28.10 of the Texas Code of Criminal Procedure. CRIM. PROC. art. 28.10. Under Article 28.10(c), an indictment may not be amended over the defendant's objection as to form or substance if the amended indictment charges the defendant with an additional or different offense or prejudices his substantial rights.

The State, through an amended indictment, charges a defendant with a different offense if the amendment changes the statutory offense. *Flowers v. State*, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991) (per curiam). Appellant contends that the amended indictment charged him with a different statutory offense because the amendment increased the date range to more than thirty days, thereby charging him with continuous sexual abuse of a young child. *See* PENAL § 21.02 (West Supp. 2018). We disagree.

Section 21.02 provides that a person commits an offense if, "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse" against a child victim. *Id.* A conviction under Section 21.02 requires a finding that the defendant committed two or more acts of sexual abuse. While the indictment in this case charged Appellant with committing three acts of sexual abuse, the indictment did not allege that he committed any of the acts in the conjunctive. Instead, the indictment alleged that he committed the acts independently of each other because each act was set out in a separate count.

8

Accordingly, the amended indictment did not allege an offense under Section 21.02 for continuous sexual abuse of a child. As such, the amended indictment did not allege a different statutory offense.

Appellant also has not established that the amendment prejudiced his substantial rights. Ordinarily, to determine whether a defendant's substantial rights are prejudiced by a proposed amendment to an indictment, we look to whether the amendment would impair the defendant's ability to prepare a defense. *Hillin v. State*, 808 S.W.2d 486, 488 (Tex. Crim. App. 1991); *see Flowers*, 815 S.W.2d at 729. Appellant is not asserting on appeal that the amendment hampered his ability to prepare a defense. Instead, he is relying upon *Flowers* to assert that he has possibly been denied grand jury review of the offense for which he was tried. 815 S.W.3d at 729. However, there is no evidence in this case that the evidence presented to the grand jury did not include acts occurring since December 15, 2012, which was the new date in the amended indictment. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). As set forth in detail below, E.S. asserted that Appellant sexually assaulted her over the course of many months, if not years. There is no indication that the grand jury was not presented with this information despite the fact that the State chose a more recent date in the original indictment. *See id.* Accordingly, there is no indication that the amended indictment charged Appellant with occurrences that the grand jury did not consider.

"It is well settled that the 'on or about' language of an indictment allows the state to prove a date other than the one alleged as long as the date proven is anterior to the presentment of the indictment and within the statutory limitation period." *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); *see Sledge*, 953 S.W.2d at 255–56. Since there is no statute of limitations for aggravated sexual assault of a child, Appellant was put on notice to prepare for proof that the crime happened any time before the presentment of the indictment. CRIM. PROC. art. 12.01(1)(B); *see*

9

*Wright*, 28 S.W.3d at 532. Thus, Appellant could have been convicted for conduct occurring prior to the original date in the indictment without the date being amended. *See Wright*, 28 S.W.3d at 532. As noted by Presiding Judge Keller in *Campbell v. State*,

> In our "on or about" jurisprudence, we have recognized the impracticality of requiring the indictment to specify the exact time a crime has occurred. For some crimes, pinpointing the exact year may be impractical, until evidence is presented at trial. . . . The exact time of the crime, and also the exact location, are really evidentiary facts that the State should not be required to allege with exactness in the indictment.

149 S.W.3d 149, 156 (Tex. Crim. App. 2004) (Keller, J., concurring) (footnotes omitted). We overrule Appellant's second issue.

In his third issue, Appellant asserts that the trial court erred by overruling his objection to a recorded interview of E.S. wherein she described Appellant's sexual abuse to a forensic interviewer. We review a trial court's decision to admit evidence under an abuse of discretion standard. *Wall v. State*, 184 S.W.3d 730, 743 (Tex. Crim. App. 2006). We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

On direct examination, E.S. testified generally about the sexual abuse, but she was unable to recall exactly when it began. She testified that she thought it started when she was in the sixth grade and that it happened "[t]hree times a week." On cross-examination, defense counsel focused on how many times Appellant sexually assaulted E.S. and the time frame in which E.S. alleged the acts took place. E.S. responded that she did not know or could not remember to several of the defense's questions, but she reiterated that "[i]t happened so many times that I can't really keep count of when." In response to the prosecutor's objection, defense counsel argued: "I'm assuming [E.S. has] been coached to say she doesn't remember or

she's -- she is intentionally not answering the questions because she knows that she's fabricated this."

Defense counsel subsequently questioned E.S. about the videotaped interview. E.S. said that she remembered talking to the interviewer, Shannon May, but that she could not remember specifics about what she had said, such as what she had said to May about the number of times Appellant, on average, assaulted her. In the interview, E.S. indicated that Appellant assaulted her four/five to nine times a month. At trial, E.S. testified that Appellant assaulted her three times a week. When defense counsel asked her which statement was correct, E.S. said: "It happened quite a few times a month," and "I just don't remember."

The prosecutor sought to offer the recorded interview during the testimony of the forensic interviewer, Shannon May. The prosecutor asserted that the interview was admissible because defense counsel had asked E.S. about the contents of the interview and because defense counsel had asserted that E.S. was "falsely testifying." Defense counsel asserted that the recorded statement was inconsistent with E.S.'s trial testimony, while the prosecutor asserted that the interview was consistent with her trial testimony. The trial court overruled Appellant's objection to the interview based upon the prosecutor's representation of its contents and permitted the prosecutor to play it in its entirety.

A prior statement may be admitted if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive." TEX. R. EVID. 801(e)(1)(B). Both in the interview and at trial, E.S. testified that Appellant sexually assaulted her on numerous occasions over the course of several months. Appellant contends that E.S.'s interview was inconsistent with her trial testimony because of a disparity of the number of times that Appellant sexually assaulted her on a weekly or monthly basis. We disagree. A prior consistent statement need only

11

be "generally consistent" with the declarant's testimony. *Hammons v. State*, 239 S.W.3d 798, 804 (Tex. Crim. App. 2007). Because E.S.'s earlier statement did not differ in relevant substance with her in-court testimony, the statement was generally consistent and thus could rebut the charge of recent fabrication raised by Appellant. *See Hammons*, 239 S.W.3d at 804. Accordingly, the trial court did not abuse its discretion by admitting the interview as a prior consistent statement. We overrule Appellant's third issue.

## *This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

January 31, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2] Jim R. Wright, Senior Chief Justice (retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.